[No. 5292. Decided March 23, 1905.]

CITY OF SPOKANE *et al., Appellants,* v. W. J. SMITH,
*Respondent.*[1]

MUNICIPAL CORPORATIONS—ORDINANCES—COSTS IN POLICE COURT
—APPROVAL OF COST BILL BY CITY ATTORNEY. An ordinance
designating a fund from which to pay the witnesses subpoenaed
by the city in police court trials, is not invalid by reason of fail-
ing to provide for payment of the defendant's witnesses, since
mere silence as to defendant's witnesses does not negative the
liability therefor provided by statute.

SAME—COURTS—CRIMINAL LAW—VIOLATION OF ORDINANCE—
CRIMINAL PROCEEDING. A proceeding in a police court for the vio-
lation of an ordinance, by which one is arrested and restrained
of his liberty, is a criminal proceeding.

SAME—APPEAL—RIGHT TO JURY TRIAL ON APPEAL FROM POLICE
TO SUPERIOR COURT. Laws 1903, p. 34, providing for the right
of appeal from the police court to the superior court, carries the
right to a full trial by jury, and is not limited merely to review
for error.

MUNICIPAL CORPORATIONS—PROSECUTION FOR VIOLATION OF OR-
DINANCES—LIABILITY FOR COSTS IN POLICE COURT—ACQUITTAL OF
DEFENDANT—SAME COSTS IN SUPERIOR COURT. Where defendant
is acquitted in the police court upon a charge of violating an
ordinance, the city is liable for all costs, under Bal. Code, § 1627,
and when he appeals from a conviction to the superior court and
is there acquitted, he is entitled to the same costs, especially in
view of Bal. Code, § 7009, providing that no prisoner who is ac-
quitted shall be liable for costs.

APPEAL AND ERROR—JURISDICTION IN MANDAMUS IRRESPECTIVE OF
AMOUNT IN CONTROVERSY OR VALIDITY OF STATUTE. Upon an ap-
peal from an order made in a proceeding in the nature of man-
damus, compelling a city attorney to approve a cost bill, the
supreme court has jurisdiction irrespective of the amount in
controversy, and although the validity of a statute is not involved.

MUNICIPAL CORPORATIONS—ORDINANCES—COSTS IN POLICE COURT
—APPROVAL OF COST BILL BY CITY ATTORNEY. Under an ordinance
designating a fund from which to pay the witnesses subpoenaed
by the city in police court trials, and providing for their payment

[1]Reported in 79 Pac. 1125.

upon the city attorney's approval of the cost bill, without making any provision for the defendant's costs, the city attorney is not required to approve the defendant's cost bill, although the city is liable therefor by statute, since the city's liability is not dependent upon the approval of the city attorney as a condition precedent.

Appeal from orders of the superior court for Spokane county, Richardson, J., entered April 7 and 11, 1904, requiring a city attorney to approve a cost bill for witness fees, and overruling the city's objections to the jurisdiction.   Reversed.

*E. O. Connor,* for appellants.

*J. M. Simpson* and *R. L. Edmiston,* for respondent.

HADLEY, J.—This appeal involves a proceeding in the nature of mandamus against the corporation counsel of the city of Spokane and his assistant.   Respondent was arrested and tried before the police court of said city, on the charge of permitting an animal to run at large within the city limits, in violation of a city ordinance.   He was found guilty in the police court, and a fine was assessed against him.   He appealed to the superior court where, by the verdict of a jury, he was found not guilty.   A cost bill was thereupon filed for the fees and mileage of respondent's witnesses who attended upon the trial in the superior court, the total amount claimed being $199.60.   An application in the form of a motion, supported by affidavit, was then made to the court, to require the corporation counsel of the city to approve the cost bill.   An order to show cause why he should not approve it was issued upon said application. Thereupon the corporation counsel appeared specially, and objected that the court had no jurisdiction or power in the premises.   The objection was overruled, and thereafter the court entered an order to the effect that certain witnesses named are entitled to fees and mileage, amounting in

the aggregate to $164.40, and that the several items are proper charges against the city. The order also required the corporation counsel and his assistant to forthwith approve the cost bill. This appeal is from said order.

The effort to secure the approval of the corporation counsel, and also his refusal, are based upon the contentions of the respective parties as to the force of a certain city ordinance. The ordinance creates what is called a "police court fund" of said city, specifying what moneys shall be placed therein, and provides that witnesses and jurors in attendance upon the police court shall be paid from said fund. A section of the ordinance also provides as follows:

"Witnesses subpoenaed by the city, duly in attendance upon the superior court of this county, in cases upon appeal from the police court, may be paid from said sum upon a certificate from the county clerk containing the name and amounts due such witnesses, and upon same being approved by the corporation counsel, or his assistant, said certificate shall be filed with the city comptroller, who shall transmit same to the city council for final action."

It will be seen that, by the terms of the ordinance, witnesses subpoenaed by the city, in cases appealed from the police court to the superior court, shall be paid from the above mentioned fund, when the amounts have been approved by the corporation counsel. The ordinance is absolutely silent as to any fund or method for payment of witnesses subpoenaed by the defendant, when the cause is appealed and tried in the superior court. Appellants' contention is that, inasmuch as the ordinance does not, in terms, provide for the payment of defendant's witness fees in the superior court, no fees are therefore recoverable against the city. But respondent, upon the other hand, contends that the fees are recoverable and assumes that, before they can be recovered, the items must receive the ap-

proval of the corporation counsel.    We shall examine these
respective contentions.

It does not necessarily follow from the mere fact that
a certain fund is designated for the payment of the city's
own witnesses, and the manner of payment outlined, that
the city thereby meant to say that it would not in any
manner become liable for the fees of a defendant's wit-
nesses on appeal.    The section deals affirmatively with the
payment of the city's witnesses, and there is nothing to
negative liability for the defendant's witness fees, unless
it is inferred from the mere fact of silence upon the sub-
ject.    This is not sufficient to establish the city's inten-
tion to declare that it is not liable, and we think the ordi-
nance is, therefore, not invalid as conflicting with any
statute, if there is any statute that makes the city liable, a
subject which we shall next examine.

Appellants argue that charges for the violation of mu-
nicipal ordinances are quasi criminal, and not criminal
causes.    It is true, they have been often so designated, but
where one is arrested and restrained of his liberty, the
proceeding partakes of all the essential features of a crim-
inal cause, and it would seem to be immaterial by what
name it is called.    The statute of 1903, p. 34, § 1, Session
Laws of that year, specifies causes to come before the police
judge as both civil and criminal.    The legislature must
have intended to apply the term "criminal proceedings"
to such as the one under which respondent was apprehended
here.    That statute provides that "all civil or criminal
proceedings before such police judge and judgments ren-
dered by him shall be subject to review in the superior court
of the proper county by writ of review or appeal."    Ap-
pellants insist that the above authorizes nothing more than
a review for mere error, and that it does not include the
right of trial by jury.    We think the term "appeal" is
sufficient to carry the right to a full trial, inasmuch as the

superior court is not an appellate court for the mere review of error on appeal, but reaches matters of error by the writ of review when error only is sought to be corrected.  · The case is, therefore, triable on appeal in the same manner as an ordinary criminal case.

Bal. Code, § 1627, should undoubtedly be held to make the city liable for all costs, when the defendant is acquitted in the police court, and, inasmuch as he is given the right to appeal from an adverse judgment in the police court, and to have further trial in the superior court, it logically follows that the same disposition as to costs shall be made upon his final acquittal on appeal.   This view is also emphasized by Bal. Code, § 7009, which provides that no prisoner who is acquitted shall be liable for costs, but that, in every such case, the defendant's witnesses shall be paid as other costs in the case.   It follows that the statutes of the state authorize the recovery of these costs from the city, and, if the ordinance were intended to provide otherwise it would be invalid.

The point is made on motion to dismiss this appeal, that the amount involved is not sufficient to give this court jurisdiction.   But we think the proceeding which led up to the order appealed from is in the nature of mandamus to compel the corporation counsel and his assistant to approve the cost bill, and that the order essentially performs the office of a writ of mandate.   We therefore think this court has jurisdiction to determine the mandamus feature involved.   We have discussed the chargeable character of these costs, because one portion of the order appealed from declared them to be such, and for the further reason that appellants argue that, in doing so, the court held the above mentioned ordinance to be invalid, and that its validity is involved on this appeal; thus giving this court jurisdiction on that ground.   The record, however, nowhere shows that the court intended to hold the ordinance

invalid, and our argument above is intended to show that, while there is a statute making the costs recoverable from the city, yet the ordinance, by its terms, does not necessarily conflict with the statute so as to make the trial court's holding involve the validity of the ordinance. The question of the validity of the ordinance is, therefore, not involved on the appeal, but that of the duty of the corporation counsel in the premises is before us.

The question is whether that officer is under the legal duty of formally approving this cost bill, so that he is subject to the peremptory order of the court, the equivalent of a mandate, requiring him to perform it. If, as an officer, he is under such duty as makes him subject to such a mandatory order, there must be some statute or ordinance declaring the duty. The only declaration of a legislative character upon the subject which is urged by respondent is the ordinance we have discussed. That ordinance specifically makes it his duty to approve the items for witness fees due to witnesses subpoenaed by the city, and which alone are expressly made payable from the police court fund. The ordinance specifies no other duty to be discharged by the corporation counsel. We have seen that these costs are made collectible by statute, but there is no statute or ordinance making their collectibility dependent upon the approval of the corporation counsel, as a condition precedent. There is, therefore, no reason why that officer should be required to appear to a court proceeding the avowed purpose of which is to require him to perform an alleged duty which does not exist by law. We therefore think the court erred in overruling the motion to dismiss the proceeding for want of jurisdiction. The order appealed from is reversed, in so far as it relates to the alleged duty of the corporation counsel and his assistant in the premises, and the cause is remanded with instructions to grant the motion to dismiss the proceeding as to

said officers.    The appellants shall recover costs of the appeal.

MOUNT, C. J., DUNBAR, and FULLERTON, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.