[No. 12881.   Department One.   December 11, 1915.]

THE STATE OF WASHINGTON, ·on *the Relation of J. E. Brockway, Appellant,* v. REAH M. WHITEHEAD, *Justice of the Peace, Seattle Precinct, King County, Respondent.*[1]

COURTS — RECORDS — SUPPLYING — LOST RECORD — JUSTICE COURT. Rem. & Bal. Code, § 1271, providing for the restoration of lost records required by law in any action in any court, authorizes the restoration of lost records in justice courts, although they are not courts of record; since they are no less courts (Const., art. 4, § 1), and are required to keep records by Rem. & Bal. Code, §§ 1770, 1781.

RECORDS—LOST RECORDS—JURISDICTION TO RESTORE—APPLICATION—SUFFICIENCY. Objection ·to the jurisdiction of a justice court to restore the lost records in a case cannot be urged on the ground that the proceeding was to restore only a part, and not the whole, of the lost records; since, if the application is insufficient in form, a like application may be made to the justice, and the court will not anticipate the failure of the justice to restore, if possible, all necessary parts.

Appeal from an order of the superior court for King county, Albertson, J., entered June 2, 1915, quashing an alternative writ of prohibition, upon sustaining a demurrer to the petition.   Affirmed.

*Vince H. Faben,* for appellant.

*Alfred H. Lundin, Frank P. Helsell,* and *Joseph A. Barto,* for respondent.

CHADWICK, J.—Relator was charged in the justice court of King county with the offense of misconduct of a public officer.   He was convicted after a trial held before respondent's predecessor in office, and thereafter perfected an appeal to the superior court.   When an appeal is taken, the statute, Rem. & Bal. Code, § 1921 (P. C. 287 § 397), directs the filing of a transcript by the justice, "of the conviction and other proceedings in the case."

[1]Reported in 153 Pac. 349.

In lieu of the transcript of the proceedings, respondent's predecessor filed a certificate reciting that, after the trial, all of the papers and files in the case had disappeared and that they could not be found. This certificate was thereupon, on motion of the relator, returned to the justice court with directions to make the transcript in form as required by law. Before such rule was complied with, respondent was elected and qualified as the justice of the peace presiding over the court in which the charge had been tried.

Thereafter the prosecuting attorney began a proceeding before the justice for the restoration of the lost records. A summons was issued and, pending the return day, relator sought the intervention of the superior court, praying that a writ of prohibition issue restraining respondent from further proceeding in the matter. After a hearing, the court held that the petition was without legal merit, and sustained respondent's motion to quash. Relator has appealed.

The proceeding in the justice court was taken under Rem. & Bal. Code, § 1271 (P. C. 81 § 1149), which is as follows:

"Whenever the record required by law of the proceedings, judgment, or decree in any action or other proceeding of any court in this state in which a final judgment has been rendered, or any part thereof, is lost or destroyed by fire or otherwise, such court may, upon the application of any party interested therein, grant an order authorizing such record or parts thereof to be supplied or replaced."

Relator contends most earnestly that, whereas justice courts are not courts of record (Const., art. 4, § 11), and have a jurisdiction limited entirely by statute, no intendments or presumptions will be indulged in their favor. That not being courts of record, it follows that they have no records and there is no such thing as a record to be lost, and, in consequence, none to be restored.

It does not follow that courts not of record may not keep *dockets and records of their proceedings.* In fact they are generally required to do so by statute. 24 Cyc. 633. They

are required to do so in this state. Rem. & Bal. Code,
§§ 1770, 1781 (P. C. 287 §§ 127, 202). And for the pur-
pose of maintaining their jurisdiction they are "vested with
all the necessary powers which are possessed by courts of
record in this state." Rem. & Bal. Code, § 43 (P. C. 287
§ 95).

The only differences between courts of record and courts
not of record are that the record of the one speaks verity
until reversed or set aside on appeal, while the other is sub-
ject to inquiry in a collateral proceeding, and a court of
record has an inherent power to correct its own records,
while a court not of record has only such powers in this re-
spect as are given by statute.

Justice courts are no less courts because they are not
courts of record. They exercise, within their jurisdiction,
the same judicial functions as do courts of record. "The
judicial power of the state shall be vested in a supreme court,
superior courts, justices of the peace, and such inferior
courts as the legislature may provide." Const., art. 4, § 1.

The legislature having power under the constitution, art.
4, § 10, subject to express limitations, to define the jurisdic-
tion and procedure of the justice courts, it follows that it
may provide for the protection of the jurisdiction prescribed
and procedure defined. Section 1271 is clearly designed to
give justices of the peace jurisdiction to protect their records
and files, although it is likely that they would have had the
same power under the earlier statute. Rem. & Bal. Code, § 43
(P. C. 287 § 95).

The case of *Mullen v. Mullen*, 1 Wash. Ter. 193, is relied
on. The court there said:

"There is no provision in our statute authorizing a justice
to send up a transcript of a case as it may exist in his mem-
ory, or to send up any other papers than such as were filed
with him; and besides this, it is for the court, before whom
the substitution of lost or destroyed papers is to be made,
to determine and direct how such substitution be made, and

not for the justice of the peace to determine for the District Court what papers in such cases shall be substituted, and how such substitution shall be proven."

The holding in that case is not entirely clear, but it seems to us that the supreme court intended to hold no more than that it was for the court having jurisdiction of the petition for the restoration of a record to determine how such restoration should be made and how proven. In this case the inquiry is before the justice court, and all questions that may arise in the hearing and determination of the application are subject to review. A proceeding under a statute similar to our own was sustained without challenge by the court in *Treharne v. Matson*, 46 Ind. App. 705, 93 N. E. 553.

Relator complains that the proceeding before the justice was not brought to restore all of the lost records, but only a part thereof, and that if any part is to be restored, all should be restored. If the application is insufficient in form, relator may make a like application to the justice of the peace. We cannot anticipate the failure of respondent to restore, if possible, such parts of the record as she is required to certify in the form of a transcript. We hold that the respondent has jurisdiction to proceed.

Affirmed.

MORRIS, C. J., ELLIS, MOUNT, and FULLERTON, JJ., concur.