[No. 30630. Department One. February 11, 1949.]

THE STATE OF WASHINGTON, *on the Relation of Edward M. McFerran, Respondent,* v. JUSTICE COURT OF EVANGELINE STARR, *Appellant.*[1]

[1]Reported in 202 P. (2d) 927.

*Lloyd Shorett, Max R. Nicolai,* and *Gordon S. Clinton,* for appellant.

*P. R. McIntosh* and *W. S. Lewis,* for respondent.

JEFFERS, C. J.—This is an appeal from an order made and entered by the superior court for King county, prohibiting Evangeline Starr, a duly elected, qualified, and acting justice of the peace for Seattle precinct, King county, Washington, from proceeding to try or call for trial causes numbered 2755, 2756, 2757, and 2758 of the justice court records of Roy De Grief, a justice of the peace in and for such precinct and city.

The facts are undisputed. During the month of August, 1947, four complaints charging Edward M. McFerran with various violations of the traffic code were filed with Justice of the Peace De Grief. McFerran was arrested and released on bail, and the causes were set for trial on September 3, 1947, before Judge De Grief. McFerran, accompanied by his attorney, appeared before Judge De Grief, prepared to go to trial. No jury was demanded. At that time, without defendant McFerran having filed an affidavit of prejudice, Judge De Grief disqualified himself on the following ground: "In that the court felt that he could not give the

defendant a fair and impartial trial," and transferred the causes to the justice court of Evangeline Starr, who, as stated, is also a justice of the peace for Seattle precinct, King county, Washington.

On October 10, 1947, the defendant, through his attorney, objected to Justice of the Peace Starr taking jurisdiction, on the ground that the statutory requirements for change of venue had not been complied with, and that Judge Starr had no jurisdiction.

McFerran, as relator, then filed a petition for a writ of prohibition in the superior court for King county, asking that the writ issue against Judge Starr, on the ground that Judge De Grief had no power to transfer the causes to Judge Starr's court.

Judge Starr filed a demurrer and motion to dismiss, as well as a return and answer to the petition of relator. The court overruled the demurrer and denied the motion to dismiss. Thereafter, Judge Starr filed an amended answer and return, and the cause was set for hearing. On March 22, 1948, the court made and entered findings of fact, conclusions of law, and an order granting relator's petition, prohibiting Judge Starr from proceeding to try or call for trial such causes. Oral notice of appeal was given by Judge Starr in open court, and the appeal was duly perfected.

We shall hereinafter refer to Judge Starr as appellant, and Edward McFerran as respondent.

Appellant makes four assignments of error, and states that they all pertain to one fundamental question. Appellant then says:

"The issue before this court, as clearly formulated by the trial judge, is as follows:

" 'The only question is, may a justice of the peace, having jurisdiction of a cause, and feeling himself disqualified, on his own motion transfer it to another justice of the peace?' "

Appellant contends that, even though a justice court is not a court of record, and even though there is no statute which authorizes a justice of the peace to disqualify himself from trying a criminal complaint, a justice of the peace has

the inherent power to disqualify himself on the ground of bias and prejudice, and transfer the complaint to another justice of the peace. Appellant concedes that there are no statutes which specifically empower a justice of the peace to bring about a change of venue on its own motion on the ground of disqualification for bias and prejudice.

Respondent contends that a justice court has jurisdiction only by virtue of legislative enactment. He then quotes the following constitutional provisions:

"The legislature shall determine the number of justices of the peace to be elected in incorporated cities or towns and in precincts, and shall prescribe by law the powers, duties and jurisdiction of justices of the peace: Provided, that such jurisdiction granted by the legislature shall not trench upon the jurisdiction of superior or other courts of record, except that justices of the peace may be made police justices of incorporated cities and towns. In incorporated cities or towns having more than five thousand inhabitants, the justices of the peace shall receive such salary as may be provided by law, and shall receive no fees for their own use." Washington constitution, Art. IV, § 10.

"The supreme court and the superior court shall be courts of record, and the legislature shall have power to provide that any of the courts of this state, excepting justices of the peace, shall be courts of record." Washington constitution, Art. IV, § 11.

"The legislature shall prescribe by law the jurisdiction and powers of any of the inferior courts which may be established in pursuance of this constitution." Washington constitution, Art. IV, § 12.

Respondent then states:

"From the foregoing it appears that justice courts are creatures of the legislature having no other or further powers than those expressly endowed upon them by legislative enactment, that they are inferior courts, and are courts not of record. Thus, there are no implied powers of justice courts, but every act done and power claimed by such courts must have a basis in legislative enactment."

Respondent then quotes Rem. Rev. Stat., § 1925 [P.P.C. § 148-3], which provides:

"Any justice shall, on complaint on oath in writing before him charging any person with the commission of any crime or misdemeanor of which he has jurisdiction, issue a warrant for the arrest of such person, and cause him to be brought forthwith before him for trial,"

after which he states:

"The statute specifically limits the venue of such trial by use of the words 'before him for trial.'

"The venue having been fixed by legislative enactment, it follows that there can be no change of venue except by express legislative authority."

Respondent further states that the only pertinent statutes are Rem. Rev. Stat., §§ 1774, 1775, 209, 2018, and 2020 [P.P.C. §§ 167-1, -3, 102-11, 141-15, -19], and quotes such sections. He then states that § 1774 may be disregarded, as it applies only to those causes where the defendant has asked for a change of venue by the filing of an affidavit in accordance with the statute. Section 1775 provides that change of venue may be allowed for the same causes for which it is allowed in the superior court. Section 209 sets out the grounds upon which a change of venue is authorized. Respondent eliminates §§ 2018 and 2020 for the reason that in this case there was no affidavit or application for a change of venue, nor written consent to such change. Finally, respondent argues that § 209 applies only to civil proceedings and, therefore, cannot be relied upon here.

It must be admitted, and appellant does admit, that there are no statutes expressly empowering a justice of the peace to bring about a change of venue on its own motion.

There can be no question but that the common law and the Federal and our state constitutions guarantee to a defendant a trial before an impartial tribunal, be it judge or jury.

The situation here presented calls especially for the application of Art. I, § 32, of the constitution of the state of Washington, which provides:

"A frequent recurrence to fundamental principles is essential to the security of individual rights, and the perpetuity of free government."

■ We are of the opinion that it is fundamental that every court has certain inherent powers resulting from its organization, which are essential to its existence and *the due administration of justice. Fuller v. State,* 100 Miss. 811, 57 So. 806, Ann. Cas. 1914A, 98, 39 L. R. A. (N.S.) 242; 14 Am. Jur. 372, Courts, § 171.

It is certainly necessary to the due administration of justice that a defendant be tried by a fair and impartial tribunal. It is unbelievable that it could be contended that a defendant had been given a fair and impartial trial when he had been tried by a judge who, before the trial, publicly announced that he could not give the defendant a fair and impartial trial.

■ We have expressly recognized that the administration of justice is dependent upon the impartiality, disinterestedness, and fairness on the part of the judge. In *State ex rel. Barnard v. Board of Education,* 19 Wash. 8, 17, 52 Pac. 317, 67 Am. St. 706, 40 L. R. A. 317, we said:

"The principle of impartiality, disinterestedness, and fairness on the part of the judge is as old as the history of courts; in fact, the administration of justice through the mediation of courts is based upon this principle. It is a fundamental idea, running through and pervading the whole system of judicature, and it is the popular acknowledgment of the inviolability of this principle which gives credit, or even toleration, to decrees of judicial tribunals. Actions of courts which disregard this safeguard to litigants would more appropriately be termed the administration of injustice, and their proceedings would be as shocking to our private sense of justice as they would be injurious to the public interest."

■ As hereinbefore stated, both the Federal and our state constitutions guarantee to a defendant in a criminal cause a trial before an impartial jury. We see no difference, in so far as the effect of the above guarantee is concerned, whether a defendant is tried before a judge or a jury.

It is our opinion that, had Judge De Grief proceeded to try these causes after his statement, he would have done so in violation of respondent's constitutional right.

■ We are also of the opinion that it is fundamental that a trial before a biased and prejudiced judge would constitute a denial of due process under the fourteenth amendment to the Federal constitution and Art. I, § 3, of our state constitution.

■■ We stated in *State ex rel. Brockway v. Whitehead,* 88 Wash. 549, 551, 153 Pac. 349:

"The only differences between courts of record and courts not of record are that the record of the one speaks verity until reversed or set aside on appeal, while the other is subject to inquiry in a collateral proceeding, and a court of record has an inherent power to correct its own records, while a court not of record has only such powers in this respect as are given by statute.

"Justice courts are no less courts because they are not courts of record. They exercise, within their jurisdiction, the same judicial functions as do courts of record."

We have examined the authority cited by respondent in support of his contentions, and, while we admit the legal principles announced therein, we are of the opinion such authority is not controlling here.

■ We are of the opinion that, under the admitted facts in the instant case, Judge De Grief had the inherent power to disqualify himself; that both the Federal and state constitutions required him so to do; that such action was essential to the due administration of justice.

Again, it is our opinion that our state constitution contemplates and guarantees that a defendant will have not only a fair and impartial trial, but also a speedy trial. Rem. Rev. Stat., § 1925, provides that, when complaint is made in writing charging any person with the commission of a crime, etc., the justice shall issue a warrant for the arrest of such person "and cause him to be brought forthwith before him for trial."

It is also our opinion that, under the facts in this case, Judge De Grief had the inherent power to transfer the causes with which we are here concerned to the justice court of Evangeline Starr. Again, it seems to us that a justice court, although not a court of record, has certain

inherent powers essential to the due administration of justice, and that the due administration of justice requires that these causes be transferred to a justice of the peace where defendant may obtain a fair and speedy trial.

For the reasons herein assigned, we are of the opinion that the justice court of Evangeline Starr acquired jurisdiction of the causes herein, and it follows that the trial court erred in granting the writ of prohibition.

The order of the trial court is reversed, and the cause is remanded to the trial court with instructions to set aside the order for issuance of a writ of prohibition made and entered on March 22, 1948, and to make and enter an order denying the petition for a writ of prohibition.

BEALS, MALLERY, STEINERT, and HILL, JJ., concur.

[1]Reported in 202 P. (2d) 906.