[No. 43816. En Banc. January 15, 1976.]

CARL EMIL SEASTROM, *Respondent*, v. STEPHEN S. KONZ, ET AL, *Petitioners*.

*Granville Egan*, for petitioners.

*Richard A. Perry*, for respondent.

*John O. Durkan*, amicus curiae.

HAMILTON, J.—This appeal challenges the practice by part-time district court judges of conducting evening trials. The appeal also concerns the power of a district court judge to transfer venue over the objection of a defendant.

The State charged the respondent, Mr. Seastrom, with resisting arrest in Ferry County District Court No. 2. Prior to trial, the respondent filed an affidavit of prejudice and motion for a change of judge. Without ruling on the motion, petitioner, Judge John R. Haynes, disqualified himself, stating that he could not give the respondent a fair and impartial trial. Petitioner Haynes transferred the case to Ferry County District Court No. 1. Petitioner, Judge Stephen S. Konz, followed a 15-year practice and set trial for the evening of March 25, 1975. The respondent filed a mo-

tion to hold trial during the 8 a.m. to 5 p.m. period and to conduct the trial in District Court No. 2. Petitioner Konz denied the motion. The respondent then filed a writ of certiorari in Ferry County Superior Court. The superior court entered a judgment ordering the district court to transact its business during the 8 a.m. to 5 p.m. period, Monday through Friday, and upheld the transfer of venue by petitioner Haynes from District Court No. 2 to District Court No. 1. The petitioners appealed the judgment claiming that the superior court erroneously required the district court to hold trial during the 8 a.m. to 5 p.m. period. The respondent also appealed claiming that petitioner Haynes did not have the power to transfer venue over the respondent's objection.

▇▇ We first consider the question of the authority of part-time district court judges to conduct trial during the evening. Article 4, section 10 of the Washington Constitution provides that the legislature "shall prescribe by law the powers, duties and jurisdiction of justices of the peace . . . ."[1] Respondent claims that the legislature exercised this constitutional power when it enacted RCW 42.04.060, which provides:

> All state elective and appointive officers shall keep their offices open for the transaction of business from eight o'clock a.m. to five o'clock p.m. of each business day from Monday through Friday, state legal holidays excepted. On Saturday, such offices may be closed.
> This section shall not apply to the courts of record of this state or to their officers nor to the office of the attorney general and the lieutenant governor.

The legislature exempted only courts of record from these time requirements. District courts are not courts of record and, therefore, the respondent contends that district courts must comply with the RCW 42.04.060 time requirements. We disagree. In *State ex rel. McFerran v. Justice Court*, 32 Wn.2d 544, 550, 202 P.2d 927 (1949), we quoted

---

[1] The terms justice courts and justices of the peace are synonymous with the terms district court and district court judges. RCW 3.30.030.

with approval *State ex rel. Brockway v. Whitehead*, 88 Wash. 549, 551, 153 P. 349 (1915):

"The only differences between courts of record and courts not of record are that the record of the one speaks verity until reversed or set aside on appeal, while the other is subject to inquiry in a collateral proceeding, and a court of record has an inherent power to correct its own records, while a court not of record has only such powers in this respect as are given by statute.

"Justice courts are no less courts because they are not courts of record. They exercise, within their jurisdiction, the same judicial functions as do courts of record."

We recognized in these decisions that a district court performs essentially the same judicial function as a court of record. The legislature also recognized this basic similarity between district courts and courts of record in RCW 3.66.010, wherein it provided that district courts "shall be vested with all the necessary powers which are possessed by courts of record in this state . . ."

It is fundamental that every court possess certain inherent powers. These inherent powers result from its organization, and they are essential to the due administration of justice. *State ex rel. McFerran v. Justice Court,* supra at 549; RCW 2.28.150. A basic inherent power of any court in the administration of justice is the ability to control its own trial docket. This inherent power includes setting time for trial.

The above interpretation is consistent with RCW 3.34.040, which provides:

Other justices [justices which are not full time] shall devote sufficient time to the office to properly fulfill the duties thereof and may engage in other occupations . . .

To allow evening trials enables part-time district court judges, such as the petitioners, to devote a portion of the day to their private occupations.

The respondent also asserts that an evening trial deprives him of his due process right to a fair trial, his right to effective assistance of counsel, and his right to equal

protection of the law. Respondent advanced no persuasive authority to support these assertions, and we find no violation of either the due process clause or the equal protection clause.

 We next consider the authority of petitioner Haynes to transfer venue over the objection of the respondent. The respondent claims that RCW 3.66.070[2] and RCW 3.66.090[3] are the exclusive venue provisions, and both of these provisions require either the consent of the defendant or a motion filed by the defendant before a district court can transfer venue. The above statutes are not, however, exclusive venue provisions. RCW 3.20.100 may also be looked to when a defendant files an affidavit of prejudice. It provides:

> If, previous to the commencement of any trial before a justice of the peace, the defendant, his attorney or agent, shall make and file with the justice an affidavit that the deponent believes that the defendant cannot have an impartial trial before such justice, it shall be the duty of the justice to forthwith transmit all papers and documents belonging to the case to the next nearest justice of the

---

[2] "All criminal actions shall be brought in the justice court district where the alleged violation occurred: *Provided,* That (1) the prosecuting attorney may file felony cases in the district in which the county seat is located and (2) with the consent of the defendant criminal actions other than those arising out of violations of city ordinances may be brought in or transferred to the district in which the county seat is located." RCW 3.66.070.

[3] "A change of venue may be allowed upon motion:

"(1) Where there is reason to believe that an impartial trial cannot be had in the district or municipal court in which the action was commenced; or

"(2) Where the convenience of witnesses or the ends of justice would be forwarded by the change.

"When such change is ordered, it shall be to the justice court of another district in the same county, if any, otherwise to the justice court of an adjacent district in another county: *Provided,* That where an affidavit of prejudice is filed against a judge of a municipal court the cause shall be transferred to another department of the municipal court, if one exists, otherwise to a judge pro tempore appointed in the manner prescribed by law. The court to which a case is removed on change of venue under this section shall have the same jurisdiction, either civil or criminal to hear and determine the case as the court from which the case was removed." RCW 3.66.090.

peace in the same county, who is not of kin to either party, sick, absent from the county, or interested in the result of the action, either as counsel or otherwise. The justice to whom such papers and documents are so transmitted shall proceed as if the suit had been instituted before him.

The respondent filed an affidavit of prejudice and, pursuant to RCW 3.20.100, petitioner Haynes transferred venue to the nearest judge in the same county. Additionally, in *State ex rel. McFerran v. Justice Court, supra* at 549, we held that a district court judge could transfer venue over a defendant's objection pursuant to his inherent power to administer justice.

Therefore, we reverse the superior court judgment with regard to the time of trial, affirm the judgment with regard to the transfer of venue, and remand the case to the district court for a trial on the merits.

STAFFORD, C.J., FINLEY, ROSELLINI, WRIGHT, UTTER, BRACHTENBACH, and HOROWITZ, JJ., and JOHNSEN, J. Pro Tem., concur.

Petition for rehearing denied April 15, 1976.