[Nos. 48353-1, 48403-1.   En Banc.   November 10, 1982.]

THE CITY OF SEATTLE, *Respondent,* v. LIA C. FILSON, *Petitioner.*

THE CITY OF SEATTLE, *Respondent,* v. RANDALL RAY BARLISH, *Petitioner.*

*Raymond H. Thoenig* and *Thomas F. Grant* of *Washington Appellate Defender Association* and *Mark Leemon* of *Seattle–King County Public Defender Association,* for petitioners.

*Douglas N. Jewett, City Attorney,* and *Rodney Eng, Marilyn Sherron,* and *Michael Monroe, Assistants,* for respondent.

ROSELLINI, J.—The petitioners were charged in Seattle Municipal Court with offenses involving possible sentences of 6 months in jail and a $500 fine. Filson was charged with menacing, reckless endangerment, resisting arrest, and obstructing a public officer. Barlish was charged with operating a motor vehicle under the influence of intoxicants or drugs and the infraction of speeding. In each case a jury of 12 was demanded and denied. Filson obtained immediate discretionary review of the ruling. Barlish went to trial before a 6–person jury and then appealed to the superior court. The orders denying a 12–person jury were affirmed.

Do the petitioners have a right to a 12–person jury under Const. art. 1, § 22? That article provides that in criminal prosecutions the accused shall have the right to a speedy public trial by an impartial jury of the county in which the offense is committed.

This section must be read in conjunction with Const. art. 1, § 21, which provides:

> The right of trial by jury shall remain inviolate, but the legislature may provide for a jury of any number less than twelve in courts not of record . . .[1]

Under Const. art. 4, § 10, the Legislature is given the authority to prescribe the powers, duties and jurisdiction of justices of the peace, with the restriction that they not "trench upon the jurisdiction of superior or other courts of

---

[1]*Burch v. Louisiana,* 441 U.S. 130, 60 L. Ed. 2d 96, 99 S. Ct. 1623 (1979) indicates that a jury of less than six is not tolerable under United States constitutional standards.

record".

RCW 35.20.030, enacted pursuant to that provision, gives to municipal courts in cities with a population of over 400,000, such as Seattle, exclusive original jurisdiction over all city ordinances, their power to punish being limited to the imposition of a fine of $500 or imprisonment in the city jail for a period not to exceed 6 months, or both.

RCW 35.20.090 provides that in all criminal cases where jurisdiction is concurrent with district courts as provided in RCW 35.20.250, within the municipal court, the defendant may demand a jury, which shall consist of six citizens of the state. Evidently, the petitioners' cases fall within that classification, inasmuch as, concededly, they were entitled to demand a jury of six.

But they insist that, in spite of the plain language of Const. art. 1, § 21, they were entitled to demand a jury of 12.

They first make the point that a misdemeanor is a crime, citing RCW 9A.04.040; Laws of 1909, ch. 249, § 1, p. 890; Laws of 1889, § 1, p. 100; Laws of 1881, ch. 66; *Spokane v. Smith,* 37 Wash. 583, 79 P. 1125 (1905); *State v. McCaw,* 198 Wash. 345, 88 P.2d 444 (1939) (where the court recognized that certain petty crimes and minor offenses are excepted from the requirement that all crimes be tried by a jury);[2] *State ex rel. Calderwood v. Schomber,* 23 Wash. 573, 63 P. 221 (1900); and *State ex rel. Fugita v. Milroy,* 71 Wash. 592, 129 P. 384 (1913), all of which substantiate that contention.

Laws of 1909, ch. 249, § 1, p. 890 define a crime as "an act or omission forbidden by law and punishable upon conviction by death, imprisonment, fine or other penal discipline." RCW 9A.04.040(1) defines a crime as "[a]n offense . . . for which a sentence of imprisonment is authorized". The petitioners' offenses fall within those definitions, and

---

[2]*See also State ex rel. Belt v. Kennan,* 25 Wash. 621, 66 P. 62 (1901) where this court held that a jury was properly denied where the offense was rowdy conduct and the maximum penalty was a $50 fine.

we will assume, for purposes of this argument, that they are not "petty offenses".

But to say that the petitioners were entitled to a jury does not establish their right to be tried by a jury of no less than 12.

The petitioners' theory is that, when it provided that judgments of courts of limited jurisdiction shall be reviewed on the record (RALJ 9.1), this court transformed inferior tribunals into "courts of record", in which, under Const. art. 1, § 21, a jury of 12 is required.

The expression "court of record" is not one of fixed meaning. *See* Black's Law Dictionary 425–26 (4th rev. ed. 1968). As is shown there, courts may be "of record" for some purposes and not for others.

■ If the petitioners are correct in their theory, this provision of the RALJ is invalid, for the constitution provides in Const. art. 4, § 11:

> The supreme court and the superior courts shall be courts of record, and the legislature shall have power to provide that any of the courts of this state, excepting justices of the peace, shall be courts of record.

At the time the constitution was adopted, the justices of the peace were the only courts inferior to the superior court, and they exercised all of the jurisdiction now distributed among other courts of limited jurisdiction, including municipal courts. Thus, as we understand the import of Const. art. 4, § 11, the Legislature is not empowered to make an inferior court a court of record. *See In re Cloherty,* 2 Wash. 137, 27 P. 1064 (1891); *State ex rel. Fugita v. Milroy, supra.* What the Legislature is forbidden to do directly, certainly this court cannot do indirectly.

This court has said:

> "The only differences between courts of record and courts not of record are that the record of the one speaks verity until reversed or set aside on appeal, while the other is subject to inquiry in a collateral proceeding, and a court of record has an inherent power to correct its own records, while a court not of record has only such powers in this respect as are given by

statute.

"Justice courts are no less courts because they are not courts of record. They exercise, within their jurisdiction, the same judicial functions as do courts of record."

*Seastrom v. Konz,* 86 Wn.2d 377, 379, 544 P.2d 744 (1976), quoting *State ex rel. Brockway v. Whitehead,* 88 Wash. 549, 551, 153 P. 349 (1915).

The question whether a decision by a court of limited jurisdiction rendered pursuant to the RALJ is subject to attack in collateral proceedings and the question whether such a court has inherent power to correct its own records[3] are not before us in this action. Answers to those questions are not necessary here, for in this case we are concerned only with the intended meaning of the term "courts not of record" as it was used in Const. art. 1, § 21, and that meaning can be found in the context in which it was used. Whatever powers the Legislature may give to courts of limited jurisdiction, it cannot permit them to "trench upon the jurisdiction of superior or other courts of record" (except as provided in Const. art. 4, § 10), and thus it cannot make them "courts of record" for constitutional purposes.

■■ We cannot agree that, merely by requiring courts of limited jurisdiction to keep records of their proceedings, this court has so drastically changed the nature of these courts as to make them "courts of record", as that term was used in the constitution. Bearing in mind that only in courts not of record can a jury of less than 12 be authorized and that the Legislature may not make a justice of the peace a court of record, it seems plain that the framers, when they used the expression "courts not of record", used it only to describe the kind of courts they had in mind— that is, courts exercising a jurisdiction inferior to that of the superior court. Surely it was their intent to authorize

---

[3]In *State v. Alberg,* 156 Wash. 397, 287 P. 13 (1930), we said that the records of a justice court, which is not a court of record, are only prima facie correct and may be contradicted by competent proof. The RALJ do not purport to change this rule.

smaller juries in courts where offenses less grave than felonies were tried. Aside from those courts constitutionally mandated, the Legislature has expressly designated only one court—the Court of Appeals—as a court of record. RCW 2.06. This accords with our interpretation of the term, as it is used in the constitution, which perceives it as referring only to courts with jurisdiction equal or superior to that of the superior courts.

This is the reasoning adopted by the Alaska Supreme Court in *Lopez v. Anchorage,* 597 P.2d 146 (Alaska 1979), where it held that the Legislature intended the phrase "courts not of record" to mean courts of limited jurisdiction, for purposes of determining the number of jurors required in a criminal trial.

There is no provision in the constitution which suggests that the framers saw any evil in requiring an inferior court to keep records of its proceedings, or that an appeal on the record from such a court was not to be tolerated.

We hold that, despite the fact that an appeal from a court of limited jurisdiction may be taken on the record, it is not a "court of record", within the meaning of Const. art. 1, § 21, and a jury of less than 12 may be provided.

The petitioners maintain that because criminal appeals from justice courts at the time of the adoption of the constitution were probably heard de novo with a jury of 12, it was the intent of the framers that persons charged in justice court should have a right to a jury of 12, either in justice court or in superior court on appeal.

This theory does not comport with the language of the constitution which contemplates that persons charged with lesser offenses may be tried by smaller juries. At the time the constitution was adopted, Code of 1881, ch. 131, § 1890, p. 320 gave to defendants in justice court the right to demand a jury of six. It is reasonable to assume that the framers had this law in mind when they adopted Const. art. 1, § 21.

At that time, Code of 1881, ch. 126, §§ 1863–67, p. 312 provided for trial "anew" on appeal in civil cases. While

there was no express authority to proceed de novo in criminal appeals (*see* Laws of 1881, ch. 131, §§ 1898–1900, p. 321), it is evident from the language used that this was the only method of review available. However, there is no reference in the constitution to this mode of procedure. If the framers thought that the right to have a second jury trial on appeal was worthy of constitutional protection, they failed to express that thought in the document which they wrote.

While we have recognized that the right to a jury trial which is preserved in the constitution is the right as it existed at the time of its adoption, it is the right to "trial by jury" which is preserved. No case that has been brought to our attention holds that a right of "appeal" by jury is incorporated in such a constitutional provision.[4] In all of the cases cited by the petitioners, the court was concerned with the right to a jury at the trial level. *See State ex rel. Mullen v. Doherty,* 16 Wash. 382, 47 P. 958 (1897); *State v. Strasburg,* 60 Wash. 106, 110 P. 1020 (1910); *In re Marriage of Firchau,* 88 Wn.2d 109, 558 P.2d 194 (1977). *See also State ex rel. Goodner v. Speed,* 96 Wn.2d 838, 640

---

[4]It was decided in *Bellingham v. Hite,* 37 Wn.2d 652, 225 P.2d 895 (1950) that the constitutional guaranty of a right to jury trial is satisfied where a person charged in municipal court may demand a jury trial on appeal to the superior court. However, it is evident that the court in that case proceeded upon an erroneous understanding of the nature of the constitutional right, inasmuch as the Supreme Court of the United States has said, with respect to rights secured by the federal constitution, the wording of which does not differ materially from ours:

> Except in that class or grade of offences called petty offences, . . . the guarantee of an impartial jury to the accused in a criminal prosecution, conducted either in the name, or by or under the authority of, the United States, secures to him the right to enjoy that mode of trial from the first moment, and in whatever court, he is put on trial for the offence charged.

*Callan v. Wilson,* 127 U.S. 540, 557, 32 L. Ed. 223, 8 S. Ct. 1301 (1888). *See Pasco v. Mace,* 98 Wn.2d 87, 653 P.2d 618 (1982).

In *State ex rel. O'Brien v. Towne,* 64 Wn.2d 581, 392 P.2d 818 (1964), we recognized the doubtful validity of the theory of *Bellingham v. Hite, supra.* While three judges would have decided the case of *George v. Day,* 69 Wn.2d 836, 420 P.2d 677 (1966) on the authority of *Bellingham,* its holding has not governed any subsequent cases.

P.2d 13 (1982).

We are shown no language in the constitution perpetuating procedures on appeal as they existed at the time of its adoption. Const. art. 1, § 22 guarantees the right of appeal in all criminal cases, but no mention is made of the procedure to be followed on such an appeal.

We conclude, therefore, that the rights preserved by the constitution with respect to misdemeanors prosecuted in courts of limited jurisdiction do not include a right to be tried by a jury of 12.

The orders are affirmed.

BRACHTENBACH, C.J., and STAFFORD, UTTER, DOLLIVER, WILLIAMS, DORE, DIMMICK, and PEARSON, JJ., concur.

Reconsideration denied January 3, 1983.