990 F.2d 1256
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald CREE, Jr.; Dalton Cree; Jack Haggerty; Tiin-Ma
Logging CO., et al., Plaintiffs-Appellees,
v.
STATE OF WASHINGTON; David W. Waterbury; Keith Qunell, et
al., Defendants-Appellants.
 No. 91-35882.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1993.*
Decided April 14, 1993.
 
 Before WRIGHT, THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 The plaintiffs Ronald Cree, Jr., Dalton Cree, Jack Haggerty and Tiin-Ma Logging Co., et al. brought suit under 42 U.S.C. § 1983 against the State of Washington and Officers David Waterbury, Keith Qunell and Clyde Lucas. The plaintiffs alleged that their rights under the Treaty with the Yakima, June 9, 1855, 12 Stat. 951 ("the Treaty") were violated by citations issued by the officers for failure to comply with Washington vehicle licensing laws. They argued that the Treaty secured for them the right to travel Washington's roads to haul their goods to market without complying with Washington's licensing laws.
 
 
 3
 The plaintiffs requested declaratory and injunctive relief as well as damages. All defendants moved for summary judgment. The state asserted sovereign immunity as a defense and the officers asserted qualified immunity as a defense to the damages claims. Because he had retired, Officer Waterbury also asserted mootness as a defense to the request for declaratory and injunctive relief against him.
 
 
 4
 The district court granted the state's motion. It also granted the officers' motions to the extent that they were being sued in their official capacities. Finally, it granted Officer Waterbury's motion. It denied, however, the officers' motion for summary judgment on the damages claims against them in their personal capacities. It is this denial which the officers here appeal. We have jurisdiction under 28 U.S.C. § 1291 and we reverse.
 
 DISCUSSION
 
 5
 The officers initially suggest that they are not being sued in their personal capacities and thus, under Will v. Michigan Dept. of State Police, 491 U.S. 58, 70-71 (1989), are not "persons" subject to suit for damages under section 1983. Because we conclude that they are entitled to qualified immunity, we will assume, without deciding, that they are being sued for damages in their personal capacities.
 
 
 6
 We review de novo the denial of a motion for summary judgment based on the defense of qualified immunity. Romero v. Kitsap County, 931 F.2d 624, 627 (9th Cir.1991). An officer acting under color of state law is entitled to the defense of qualified immunity even if his conduct violated the federal right asserted by the plaintiff, unless that right was so clearly established that a reasonable officer would have known his conduct was unlawful. Id. at 627. Put another way, "regardless of whether the ... violation occurred, the officer should prevail if the right asserted by the plaintiff was not 'clearly established' or the officer could have reasonably believed that his particular conduct was lawful." Id.
 
 
 7
 The Treaty is somewhat ambiguous in securing to the plaintiffs the right they contend the officers violated. They identify this right as the right to haul their goods to market over Washington's roads without adhering to Washington's licensing requirements. The provision of the Treaty on which they rely provides:
 
 
 8
 And provided, That, if necessary for the public convenience, roads may be run through the said reservation; and on the other hand, the right of way, with free access from the same to the nearest public highway, is secured to them; as also the right, in common with citizens of the United States, to travel upon all public highways.
 
 
 9
 Treaty with the Yakima, June 9, 1855, 12 Stat. 951, art. 3, p 1. As in Romero, this language does not "specifically delineate the Indians' right to [use Washington's roadways free from licensing] in such a way that the nature and scope of that right is readily apparent." Romero, 931 F.2d at 628. This ambiguity is a factor which we consider in determining the clarity of the right allegedly violated. Id.
 
 
 10
 The plaintiffs argue that their right to use Washington's roadways to get their goods to market free from licensing requirements has been clearly established by decisional law. They rely on the fact that before the last two sets of citations were issued, the Yakima County District Court had dismissed earlier sets of citations on the ground that the earlier citations violated the plaintiffs' federal rights protected by the Treaty. It is not disputed that the officers who issued the last two sets of citations knew of the earlier dismissals. Indeed, two of them, who are defendants in this case, issued some of the earlier citations which were dismissed.
 
 
 11
 The Yakima County District Court decisions dismissing the earlier citations are insufficient to clearly establish the federal right the plaintiffs assert under the Treaty. While in this circuit we look to whatever decisional law may exist to determine whether a right has been clearly established, Wood v. Ostrander, 879 F.2d 583, 591 (9th Cir.1989), we have never relied upon the decisional law of a court such as the Yakima County District Court for the clear establishment of a federal right so as to bar a qualified immunity defense. Cf. Robinson v. Bibb, 840 F.2d 349, 351 (6th Cir.1988); Wallace v. King, 626 F.2d 1157, 1161 (4th Cir.1980) (right is clearly established only if enunciated by the highest court of the relevant state, the relevant federal circuit court of appeal, or the United States Supreme Court). Washington's district courts are not courts of general jurisdiction, State v. Elgin, 825 P.2d 314, 315 (Wash.1992), or courts of record, Seastrom v. Konz, 544 P.2d 744, 746 (Wash.1976).
 
 
 12
 We conclude that the officers are entitled to qualified immunity on the plaintiffs' claims for damages against them in their personal capacities under 42 U.S.C. § 1983. The summary judgment of the district court denying the officers this defense is REVERSED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3