[No. 8632-4-I.   Division One.   March 16, 1981.]

THE CITY OF SEATTLE, *Respondent,* v. DENISE
C. SNOJ, *Appellant.*

*John P. World,* for appellant.

*Douglas N. Jewett, City Attorney,* and *Gordon Campbell, Assistant,* for respondent.

CORBETT, J.—Defendant appeals her conviction of hit–and–run and negligent driving.

Cited as the sole issue on appeal is whether the weight of evidence supports the findings of fact.

▇ The defense was alibi, and on appeal, as at trial, defendant seeks to discredit testimony of the victim and investigating detective by pointing to conflicting testimony of other witnesses. We cannot substitute our evaluation of witness credibility for that of the trial judge who heard the

testimony. *State v. Chapman,* 78 Wn.2d 160, 164, 469 P.2d 883 (1970); *State v. Theroff,* 25 Wn. App. 590, 593, 608 P.2d 1254 (1980). This is true even though we may have resolved the factual dispute differently. *Beeson v. ARCO,* 88 Wn.2d 499, 503, 563 P.2d 822 (1977).

Considered in the light most favorable to the prosecution, we have reviewed the evidence and find there is substantial evidence upon which any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980); *Jackson v. Virginia,* 443 U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979).

■ This is a factual appeal brought for the apparent purpose of delay. We have examined the record and find no debatable issues upon which reasonable minds might differ. Applying the considerations set out in *Streater v. White,* 26 Wn. App. 430, 435, 613 P.2d 187 (1980), we conclude the appeal is frivolous and, pursuant to RAP 18.9(a), impose $150 as a sanction to be paid by appellant to respondent.

Affirmed.

SWANSON and WILLIAMS, JJ., concur.