[No. 48856-8. En Banc. May 12, 1983.]

*In the Matter of the Marriage of* DEANNA WOLFE, *Respondent, and* LARRY W. WOLFE, *Petitioner.*

*William J. Powell,* for petitioner.

*Mark E. Vovos,* for respondent.

*Malcolm L. Edwards,* amicus curiae.

STAFFORD, J.—This case was accepted for review on the limited issue of whether the show cause procedure adopted by Division Three of the Court of Appeals is permissible under the constitution, statutory law and court rules of this State. We approve the show cause procedure in appropriate civil matters; we reserve judgment, however, on the propriety of its use in criminal cases.

On March 27, 1981, Division Three entered a general order establishing a show cause procedure to facilitate the disposition of cases which involve settled questions of law, discretionary or purely factual issues.[1] Causes are assigned

---

[1]In the Matter of } ORDER ESTABLISHING THE COURT'S

Court Administration } SHOW CAUSE DOCKET

WHEREAS, the number of appeals and other matters filed with this Court has steadily increased each year, thereby creating a burgeoning backlog; and

WHEREAS, it is the duty of the Court to citizens of the State of Washington to take all steps necessary to insure that each matter receives an examination on the merits consonant with justice; and

WHEREAS, CAR 16(c)(1) permits this Court to authorize its Commissioner to hear motions in addition to those specified in the Rules of Appellate Procedure; and

WHEREAS, the preargument process employed in this Division for screening and researching appeal permits the members of this Court to determine whether a case appears to involve only issues of (a) fact, (b) discretion, or (c) well established law; and

WHEREAS, if such determination is correct, and there is (a) substantial evidence to support the findings of fact or jury verdict; (b) no basis upon which a

to the show cause docket by order of the Chief Judge if a majority of the 3–judge panel determines, from a screening memorandum, that one or more of the following criteria are present:

1. The case involves only issues of fact and there is substantial evidence to support the findings of fact or jury verdict; or

2. The case is within the discretion of the trial judge and there appears to be no abuse of discretion; or

3. The case involves well established law which has recently been reaffirmed by the Supreme Court or Division Three of the Court of Appeals.

The purpose of this procedure is to weed out those cases which have no precedential value and in which the result would be to affirm the trial court.

Once a case is put on the show cause docket, an order is entered directing counsel for the parties to appear before the Commissioner and show cause why the decision on review should or should not be affirmed. Pursuant to Rule

claim of abuse of discretion may be grounded; or (c) the applicable law has recently been reaffirmed by the Supreme Court or this Court, this Court would affirm the superior court decision; now, therefore,

It Is Ordered that if a majority of the Judges of this Division applying the above described criteria believe that a decision on review may be affirmed, the Chief Judge is empowered to enter an order directing counsel to appear before the Commissioner either in person or telephonically to show cause, if any they have, why the decision on review should or should not be affirmed. If, after listening to argument of counsel, the Commissioner determines the appeal is not appropriate for disposition under the Order, he shall identify the issues which should be determined and set the matter for prompt consideration by a Panel of this Court without oral argument. If, after argument of counsel, the Commissioner determines the appeal is appropriate for disposition under this Order, he shall file a Ruling in the same format as an opinion pursuant to RCW 2.06.040.

All decisions of the Commissioner under this Order shall be modifiable pursuant to RAP 17.7. In order to expedite further review, a motion to modify a Commissioner's ruling affirming the superior court will upon request of the movant be deemed to be a motion for reconsideration so that in the event the motion to modify is denied, the aggrieved party may exercise the rights accorded under RAP 13.4 for discretionary review to the Supreme Court.

March 27, 1981.

/s/ Ben McInturff
CHIEF JUDGE

of Appellate Procedure 17.5, the parties present oral argument to the Commissioner. After listening to the oral argument, the Commissioner determines whether the matter is appropriate for disposition under the show cause procedure. If it is, the Commissioner will file a ruling, in opinion format, affirming the trial court. If it is not, the Commissioner will return the case to a panel of judges for determination without further oral argument.

Rulings by the Commissioner are subject to modification pursuant to RAP 17.7. A motion to modify is considered by a 3–judge panel, usually without oral argument. If the motion is granted, the case is decided in the same manner as any other appeal. If the motion is denied, it will be deemed a motion for reconsideration, allowing the aggrieved party to petition this court for review under RAP 13.4.

In the instant case, an order to show cause was entered on January 7, 1982, noting the dissolution matter appeared to involve only the issue of whether the trial court abused its discretion in dividing the parties' property and in refusing to find appellant in contempt of court for selling some of the property prior to the dissolution decree. After oral argument, the Commissioner ruled the trial judge did not abuse his discretion and affirmed the decision. Petitioner's motion to modify was denied and a petition for review followed. We granted the petition, but limited review to the propriety of the show cause procedure.

On November 5, 1968, the voters of this state passed article 4, section 30 of the Washington Constitution, authorizing the Legislature to establish the Court of Appeals. Article 4, section 30 specifically provides that "[t]he administration and procedures of the court of appeals shall be as provided by rules issued by the supreme court." The enabling legislation further provides that the appeals court "may establish rules supplementary to and not [in] conflict with rules of the supreme court." RCW 2.06.040.

The Supreme Court established the position of Commissioner in 1976 by the Rules of Appellate Procedure and

defined it further in Court of Appeals Administrative Rule 16(c). The Commissioner has broad authority to hear and decide motions authorized by RAP 17.2 and 18.9(b) as well as any additional motions that may be assigned to that officer by the Court of Appeals. CAR 16(c)(1). The Court of Appeals Administrative Rules also provide that the duties of the Commissioner may be increased or altered by the Court of Appeals and that all duties carried out by the Commissioner are for the benefit of the court as a whole. CAR 16(c)(7).

■ The show cause procedure was expressly adopted pursuant to the authority granted under the provisions of CAR 16(c). The adoption of this procedure is a valid exercise of authority under Const. art. 4, § 30, RCW 2.06.030, .040. RAP 17.2 and CAR 16(c)(1)–(7).

Petitioner nevertheless contends both CAR 6 and RCW 2.06.040 require "the presence of three judges and a concurrence of at least a majority" for the disposition of a case. Petitioner concludes that the motion authority granted to the Commissioner by RAP 17.2 and CAR 16(c) does not empower a Commissioner to act as a panel of judges in deciding a case on the merits.

Petitioner's argument is misconceived. Certainly, petitioner has the right to appeal under RAP 2.2; however, petitioner has not shown that the show cause procedure abridges this right or the right to have a case heard by judges. First, it is a 3–judge panel that makes the preliminary determination of whether a case should be assigned to the show cause docket. Moreover, if a losing party does not like the Commissioner's ruling, one is not forced to accept it. Upon making a motion to modify pursuant to RAP 17.7, petitioner is entitled to and receives, as a matter of right, a de novo review of the Commissioner's ruling by a 3–judge panel. *See* Comment to RAP 17.7. That review, initiated by a motion to modify the Commissioner's ruling, satisfies the requirements of RCW 2.06.040 and CAR 6.

Petitioner suggests, however, that after a case has been transferred to the show cause docket and is subsequently

affirmed by the Commissioner, the judges will be inclined to "rubber–stamp" the Commissioner's ruling. Thus, de novo review is meaningless. We reject this argument.

The validity of any judicial system depends on the integrity of its judges. Petitioner has failed to prove the Court of Appeals judges provide less than a full and fair review on the merits when evaluating a Commissioner's ruling. The fact remains that a motion to modify such a ruling initiates a de novo review of the case on its merits. Therefore, the show cause procedure is not unconstitutional.

Petitioner also views the show cause procedure as a violation of equal protection under the Washington and federal constitutions. He suggests that almost every marriage dissolution case would potentially qualify for referral to the show cause docket. We disagree. It is the Legislature that has given trial judges broad discretion in all dissolution cases. *See* RCW 26.09.080, .170. Moreover, every civil case is treated the same. The show cause procedure is designed to determine which cases *may* be affirmed; it does not require that *all* cases of a certain type be affirmed. Dissolution cases are not a class of cases which are singled out for affirmance.

Petitioner further contends the show cause procedure violates his right to due process of law. First, he contends it violates the appearance of fairness in that the procedure necessitates prejudgment of a case without an obligation to read the record. This is pure speculation. Certainly, the case is reviewed by the Commissioner and his staff prior to oral argument on the show cause motion. Further, the judges are ultimately responsible for disposition of the case. We also emphasize that a losing party has the right to petition this court for discretionary review under RAP 13.4.

Second, petitioner argues that because the show cause order is phrased to suggest affirmance, the Commissioner will be predisposed to affirm a case. It should be noted, however, the order is stated in the alternative. Further, statistics from the first few cases referred to the show cause docket reveal the Commissioner has, in fact, remanded

cases for panel consideration when he deemed affirmance was not warranted. Again petitioner's argument is speculative at best.

If petitioner has lost anything, it is the ability to present oral argument on the merits to a panel of judges. This is not a guaranteed right, however. RAP 11.6 provides that an appellate court may, on its own initiative, decide a case without oral argument.

In short, the show cause procedure was adopted as an attempt to stem an ever–increasing backlog of cases. We are sympathetic with the problems faced by a high–volume court such as the Court of Appeals. The ideal solution is to increase the staff and the number of judges or to decrease the number of cases brought to the court. Unfortunately, neither solution is within the power of the judiciary, but use of the show cause procedure is a tool that may expedite the disposition of cases. It frees the court from the scheduling of unnecessary oral arguments and the subsequent preparation of unnecessary written opinions. This procedure, as used in the instant civil case, is entirely proper under the constitution, statutory law and court rules of this state.

Since the issue is not before us, we reserve judgment concerning use of the procedure in criminal cases.

We affirm the Court of Appeals.

WILLIAMS, C.J., and ROSELLINI, UTTER, BRACHTENBACH, DOLLIVER, DORE, DIMMICK, and PEARSON, JJ., concur.