[Nos. 51262–1, 51263–9, En Banc. July 11, 1985.]
51264–7, 51282–5.

THE STATE OF WASHINGTON, *Respondent,* v. RONALD
ROLAX, *Petitioner.*

THE STATE OF WASHINGTON, *Respondent,* v. ABSALOM
ISRAEL, *Petitioner.*

THE STATE OF WASHINGTON, *Respondent,* v. TERRY
MARSH, *Petitioner.*

THE STATE OF WASHINGTON, *Respondent,* v. FRANCISCO
MUNOZ, *Petitioner.*

130

*Raymond H. Thoenig* of *Washington Appellate Defender Association,* for petitioner Rolax.

*Paris K. Kallas* of *Washington Appellate Defender Association,* for petitioners Israel and Marsh.

*Frank W. Jenny,* for petitioner Munoz.

*Norm Maleng, Prosecuting Attorney, Deborah J. Phillips, Senior Appellate Attorney,* and *Ruth A. Robinson, Deputy; Seth R. Dawson, Prosecuting Attorney,* and *S. Aaron Fine, Deputy; Curtis Ludwig, Prosecuting Attorney,* and *Andrew K. Miller, Deputy,* for respondent.

*Dale B. Ramerman, M. Wayne Blair,* and *Stephen*

*Navaretta* on behalf of the Judiciary and Courts Committee of the Seattle–King County Bar Association, amici curiae for respondent.

UTTER, J.—Ronald Rolax, Absalom Israel, Terry Marsh, and Francisco Munoz all separately petition from decisions affirming their criminal convictions. In the cases of Rolax, Israel, and Marsh, a Court Commissioner in Division One of the Court of Appeals granted the State's motions on the merits. Munoz' case was put on Division Three's "show cause" docket, and his conviction was then affirmed in a ruling authored by a Court Commissioner. In each case, the Court of Appeals denied a motion to modify the Commissioner's ruling. Rolax, Israel and Marsh challenge the constitutionality of the RAP 18.14 motion on the merits procedure for deciding their appeals. Munoz challenges the constitutionality of Division Three's similar "show cause" procedure. We find the accelerated review procedures constitutional and affirm the convictions.

The show cause and motion on the merits procedures were both designed to alleviate congestion in the court system. The two procedures are similar, but not identical. Division Three of the Court of Appeals established the show cause procedure on March 27, 1981, to facilitate the disposition of cases on appeal. The propriety of its use for civil appeals was recognized by this court 2 years ago. *In re Marriage of Wolfe*, 99 Wn.2d 531, 663 P.2d 469 (1983).

The show cause procedure is initiated by the Chief Judge of Division Three. He will order a case to the show cause docket if a majority of a 3–judge panel determines, based on a screening memorandum, that the case involves a settled question of law, a discretionary act where there appears to be no abuse of discretion, or purely factual issues. Once a case is on the show cause docket, an order is entered directing counsel for the parties to appear before the commissioner and show cause why the decision on review should or should not be affirmed. After listening to oral argument, the commissioner determines whether the

matter is appropriate for disposition under the show cause procedure. If it is, the commissioner files a ruling, in opinion format, affirming the trial court. If it is not, the commissioner returns the case to a panel of judges for determination without further oral argument. Division Three now allows parties to use the motion on the merits procedure. The Division Three procedure for a court initiated motion on the merits, however, is essentially the same as that used to place an item on the show cause calendar.

On September 1, 1984, this court adopted a procedure for deciding appeals by means of a "motion on the merits." *See* RAP 18.14. This rule permits the appellate court to affirm a decision or any part thereof on the merits in accordance with the procedures defined in the rule. General motion procedures as defined in RAP Title 17 apply, but only to the extent provided in the rule.

A motion on the merits can be submitted by a party at any time after the appellant's brief has been filed. If the court initiates the motion, the court can set the case for disposition at any time during the appellate process. RAP 18.14(b). The motion is to be decided initially by a judge or commissioner of the appellate court. RAP 18.14(d). The motion on the merits will be granted in whole or in part if the appeal or any part of the appeal is determined to be "clearly without merit." In deciding whether the appeal is "clearly without merit", the rule requires that all relevant factors must be considered "including whether the issues on review (1) are clearly controlled by settled law, (2) are factual and supported by the evidence, or (3) are matters of judicial discretion and the decision was clearly within the discretion of the trial court." RAP 18.14(e).

The motion may be denied without oral argument if the case obviously requires full appellate review. In other instances, oral argument is usually heard. *See* RAP 18.14(f); RAP 17.5. If a judge or commissioner decides to grant the motion on the merits, the ultimate decision must include a description of the facts sufficient to place the issues in context, a statement of the issues, and a resolution of the

issues with supportive reasons. RAP 18.14(h).

A ruling denying a motion on the merits is not subject to review by the judges. A ruling granting a motion on the merits by a single judge or commissioner is subject to review under the motion to modify procedures set forth in RAP 17.7.

 Petitioners all argue that the review afforded under the motion on the merits or show cause procedures violates a criminal defendant's constitutional right to appeal.[1] In *Wolfe,* we rejected arguments that the show cause procedure violated court rules, enabling legislation for the Court of Appeals and article 4, section 30 of the Washington Constitution. *In re Marriage of Wolfe, supra* at 535–36. We reject these arguments once again. Neither procedure abridges the constitutional right to appeal or the statutory requirement that an appeal be heard by a panel of three judges.

Overall, existence of the constitutional right to appeal does not foreclose this court from adapting its procedures to deal with increased demands placed upon it. As we recently held in upholding 6–person juries in misdemeanor cases:

> We are shown no language in the constitution perpetuating *procedures* on appeal as they existed at the time of its adoption. Const. art. 1, § 22 guarantees the right of appeal in all criminal cases, but no mention is made of the procedure to be followed on such an appeal.

(Italics ours.) *Seattle v. Filson,* 98 Wn.2d 66, 73, 653 P.2d 608 (1982). Furthermore, as explained in *Wolfe,* a party who does not like the commissioner's ruling is not forced to accept it. An appellant who makes a motion to modify pursuant to RAP 17.7 receives, as a matter of right, de novo review of the commissioner's ruling by a 3–judge panel. *See* Comment, RAP 17.7, 86 Wn.2d 1263. Contrary to petitioners' suggestion, RAP 18.14 does not transform a court com-

---

[1] "In criminal prosecutions the accused shall have . . . the right to appeal in all cases . . ." Const. art. 1, § 22 (amend. 10).

missioner into an appellate judge.

Some concerns remain, however. Rolax, Israel and Marsh argue that RAP 18.14 denies criminal defendants equal protection. They also suggest that the court further define the phrase "clearly without merit." These concerns are related to the extent that the RAP 18.14(e) guidelines differ from those criteria used to put a case on the show cause docket. The show cause criteria, approved in *Wolfe*, allow the commissioner to make a determination on a case when: (1) the case involves only factual issues and "substantial evidence" supports the findings of fact or jury verdict; or (2) the decision is within the discretion of the trial judge and there is "no basis upon which a claim of abuse of discretion may be grounded"; or (3) "the applicable law has recently been reaffirmed by the Supreme Court or this Court [Division Three]". *In re Marriage of Wolfe, supra* at 532 n.1.

These criteria elaborate upon the RAP 18.14(e) guidelines. Their use will ensure that commissioners in the three divisions use standard procedures. They should also provide parties further guidance for determining when a motion on the merits is appropriate.

Another criticism of the motion on the merits procedure attacks not RAP 18.14 itself, but its impact on the quality of appellate review. In *Wolfe*, we unequivocally rejected an argument that appellate judges are inclined to "rubber–stamp" a commissioner's affirmance. *In re Marriage of Wolfe, supra* at 536. Petitioners do not raise this argument anew. Instead, it is suggested that following the grant of a motion on the merits, review will focus upon whether the commissioner properly classified the appeal as one falling within the RAP 18.14(e) guidelines, and not focus upon the merits. *See* Lobsenz, *A Constitutional Right to an Appeal: Guarding Against Unacceptable Risks of Erroneous Conviction,* 8 U. Puget Sound L. Rev. 375 (1985). The contention that the appellate court will tend to focus not on the merits but on whether the commissioner acted properly in classifying the appeal as "clearly without merit" may be

accurate. Nevertheless, review of the commissioner's ruling necessitates consideration of the merits. Again, in reviewing a commissioner's motion on the merits ruling, the appellate court performs de novo review. It considers the commissioner's ruling as only an advisory opinion.

Rolax, Israel, and Marsh also contend that even the right to de novo review is inadequate because motions to modify are not mandatory—counsel may decide to accept the commissioner's ruling and therefore decide not to file a motion to modify the ruling. This argument is akin to saying that requiring a notice of appeal is unconstitutional because counsel may forget to file one. Just as the appellate court must consider a motion to modify as carefully as any other appeal, defense counsel must consider whether to file a motion to modify with the same conscientious examination as other advocacy for a client requires. *See, e.g., Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967).

The right to appeal includes a defendant's right to *effective* assistance of counsel. *Evitts v. Lucey,* __ U.S. __, 83 L. Ed. 2d 821, 105 S. Ct. 830, 836 (1985). Counsel is obliged to ascertain the wishes of the defendant concerning the motion to modify, and should then follow those wishes. Since the decision to appeal must be made personally by the defendant, the decision to move to modify should also be made by the defendant.

■ Nevertheless, a defendant should not be expected to decide whether or not to continue to exercise appellate review without a full understanding of the process and its implications. No presumption favoring waiver of the right to appeal exists in our state. *State v. Sweet,* 90 Wn.2d 282, 286, 581 P.2d 579 (1978). A defendant, not versed in procedural niceties, is unlikely to realize that failure to file a motion to modify the commissioner's ruling cuts off appellate review. Appellant's attorney should explain this; as an additional safeguard, we require that in the future the defendant, as well as counsel, be sent a copy of the commissioner's ruling along with a notice explaining that fail-

ure to file a motion to modify terminates appellate review.

Finally, counsel for defendants argue that the motion on the merits procedure affords a defendant less consideration of his appeal than if counsel for an indigent defendant considers an appeal frivolous and petitions to withdraw. *Anders* requires that a defense counsel's request to withdraw must be accompanied by a brief, mentioning in it anything that might arguably support an appeal. A copy of this brief must be furnished to the indigent and time allowed him to raise additional points. The court then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. *Anders,* 386 U.S. at 744; *State v. Theobald,* 78 Wn.2d 184, 185, 470 P.2d 188 (1970). If the court finds any of the legal points arguable on their merits, an appeal is therefore *not* frivolous, and the court must, prior to decision, afford the indigent assistance of counsel to argue the appeal. Procedure short of what *Anders* requires denies a criminal defendant fair procedure.

None of the cases before us today involve a situation where defense counsel, believing an appeal would be frivolous, petitioned to withdraw. All defendants were represented by competent counsel who filed briefs in their clients' behalf. In any case, appeals determined through use of the motion on the merits procedure afford a defendant no less protection than if an appeal were alleged to be frivolous. Our courts consider an appeal frivolous for purposes of delay and justifying imposition of terms and damages when it presents "no debatable issues upon which reasonable minds might differ, *and* it is so totally devoid of merit that there [is] no reasonable possibility of reversal." (Italics ours.) *Millers Cas. Ins. Co. v. Briggs,* 100 Wn.2d 9, 15, 665 P.2d 887 (1983); *Seattle v. Snoj,* 28 Wn. App. 613, 625 P.2d 179 (1981); *Streater v. White,* 26 Wn. App. 430, 434–35, 613 P.2d 187 (1980). Even though the court's criteria for categorizing an appeal as frivolous appear more stringent than those used by a commissioner to affirm a conviction by a motion on the merits, as emphasized earlier, full appellate

review by the court requires only a defendant's motion to modify. *Anders* requires full appellate review; RAP 18.14 offers a defendant just that.

We have reviewed the merits of these petitions and find no error. The decisions of the Court of Appeals are affirmed.

DOLLIVER, C.J., BRACHTENBACH, PEARSON, ANDERSEN, CALLOW, and GOODLOE, JJ., and CUNNINGHAM, J. Pro Tem., concur.

DORE, J. (concurring in part, dissenting in part)—I concur with the majority in affirming convictions in the four subject cases, but I dissent to its approval of RAP 18.14(i) (the motion on the merits) for use in criminal cases by nonjudges (commissioners) in the State Court of Appeals.

The motion on the merits (RAP 18.14(i)) allows nonjudge employees to permanently dismiss criminal appeals, without any input from duly elected appellate judges. On dismissal of a defendant's appeal, he has only the right to file a motion to modify a grant of a motion on the merits, but there is no court rule requiring the State to advise a dismissed defendant of his right to modify, even though, in all probability, he is incarcerated in prison at the time of being advised of the dismissal of his appeal.

The motion on the merits is a far cry from the provisions of Const. art. 4, § 2 which provides in part:

> The supreme court shall consist of five judges, *a majority of whom shall be necessary to form a quorum, and pronounce a decision. . . .* In the determination of causes all decisions of the court shall be given in writing and the grounds of the decision shall be stated.

(Italics mine.) In 1968, the Legislature passed and the people approved the intermediate Court of Appeals to alleviate the backlog on the Supreme Court. An examination of such enabling legislation fails to show where article 4, section 2 was repealed. The majority, however, by this decision makes the State Court of Appeals more powerful than the

Supreme Court and the constitution. It authorizes the Court of Appeals to hire employees and designate them commissioners and give them the right *individually* to dismiss nonfrivolous criminal appeals. The Supreme Court cannot even give this power to itself, as article 4, section 2 requires that the Supreme Court can only issue an opinion in writing by a majority of the court. Yet by rule, the Supreme Court here amends article 4, section 2, authorizing the State Court of Appeals to enter final orders of dismissal of defendants' appeals through nonjudges. This is clearly unconstitutional.

### RAP 18.14(i) Violates Article 1, Section 22

Dismissal of defendants' appeals pursuant to a motion on the merits also violates article 1, section 22.

Article 1, section 22 of the Washington State Constitution expressly guarantees the right to appeal in all criminal cases.

> In criminal prosecutions the accused shall have the right to appear and defend in person, or by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own behalf, to meet the witnesses against him face to face, to have compulsory process to compel the attendance of witnesses in his own behalf, to have a speedy public trial by an impartial jury of the county in which the offense is charged to have been committed and the right to appeal in all cases: . . .

This constitutional right to an appeal in a criminal case necessarily rests on the premise that the framers of our constitution were of the consensus that a trial by jury or court is not a sufficient procedural protection when the accused is faced with deprivation of his liberty upon conviction. The right to appeal is guaranteed even though the trial itself contains constitutionally afforded procedural protections such as notice of the charge against the defendant, representation by counsel, trial by jury, right to confront and cross–examine all witnesses against the accused, and the right of proof beyond a reasonable doubt.

The constitutional right to an appeal functions as a check against the risk of erroneous deprivation of liberty. "'The principal reason for having appellate courts is to provide an opportunity for several minds to check the trial decisions made by one mind.'" Lobsenz, *A Constitutional Right to an Appeal: Guarding Against Unacceptable Risks of Erroneous Conviction*, 8 U. Puget Sound L. Rev. 375, 383 (1985) (quoting ABA Section of Judicial Administration, *Internal Operating Procedures of Appellate Courts* 14 (1961)).

Bearing in mind that the essential function of appellate review is to reduce the risk of erroneous conviction, this court must determine what attributes of appellate review are essential to effectuate meaningful review. The majority apparently feels that because a criminal defendant is granted the right of motion to modify a grant of a motion on the merits, the constitutional guaranty of a right to appeal has not been abridged.

Motion on the merits, RAP 18.14, permits an appellate court commissioner to affirm a criminal conviction of a trial court. The rule instructs the commissioner to grant the motion in those appeals found to be "clearly without merit." RAP 18.14(e). If the commissioner grants the motion, the losing party may move for modification of the commissioner's ruling by a panel of judges. RAP 18.14(i). Ordinarily, however, a party is not allowed oral argument on a motion to modify a commissioner's ruling. RAP 17.5(b). Consequently, under RAP 18.14, a party can lose an appeal without ever having had an opportunity to present oral argument to a 3-judge panel of the Court of Appeals.

In 1975, the Commission on Revision of the Federal Court Appellate System reported on the subject of eliminating oral argument:

> [T]he Commission recognizes the importance of safeguarding the right to oral argument in all cases where it is appropriate. Oral argument is an essential part of the appellate process. It contributes to judicial accountability, it guards against undue reliance upon staff work, and

it promotes understanding in ways that cannot be matched by written communication. It assures the litigant that his case has been given consideration by those charged with deciding it. The hearing of argument takes a small proportion of any appellate court's time; the saving of time to be achieved by discouraging argument is too small to justify routinely dispensing with oral argument.

Commission on Revision of the Federal Court Appellate System, *Structure and Internal Procedures; Recommendations for Change* (June 1975), *reprinted in* 67 F.R.D. 195, 254–55 (1975). *See also* Lobsenz, at 387.

The inability to present oral argument to the 3–judge appellate panel undermines the meaningfulness of the constitutional guaranty of an appeal of criminal convictions.

Further, the focus of the appellate court's inquiry in a motion to modify the commissioner, subsequent to a grant of a motion on the merits, is unreasonably narrow. RAP 18.14 provides that in deciding whether an appeal is "clearly without merit," the commissioner or judge will consider all relevant factors, including three specific issues: "[W]hether the issues on review (1) are clearly controlled by settled law, (2) are factual and supported by the evidence, or (3) are matters of judicial discretion and the decision was clearly within the discretion of the trial court." RAP 18.14(e). The appellate court's review in a motion to modify will necessarily be a limited inquiry into these three areas and not an inquiry into the merits of a criminal appeal. The text of RAP 18.14 concedes this much by differentiating between appellate review of a motion on the merits and. "*full* appellate review." (Italics mine.) RAP 18.14(f). Appellate review in the context of a motion to modify is not a full de novo review as contended by the majority. If it were, the appellant would be entitled to oral argument and the commissioner's "weeding–out" process would be unnecessary.

It is further apparent that the motion on the merits rule has a scope far exceeding the common law grounds for dismissing appeals prior to full appellate review. RAP 18.9(c)

provides that the appellate court "will, on motion of a party, dismiss review of a case . . . if the application for review is frivolous, moot, or solely for the purpose of delay, . . ." Since the power to dismiss frivolous appeals was already codified in RAP 18.9, the promulgation of the motion on the merits rule reflects a desire to eliminate some form of nonfrivolous appeals. Washington courts have generally defined a frivolous appeal as one that presents "no debatable issues upon which reasonable minds might differ, and [that] is so totally devoid of merit that there was no reasonable possibility of reversal." *Streater v. White*, 26 Wn. App. 430, 435, 613 P.2d 187 (1980). In the context of a civil case, when the right to appeal is not premised upon the state constitution, this court has approved a number of factors for courts to consider when deciding whether an appeal is "frivolous":

> (1) A civil appellant has a right to appeal under RAP 2.2; (2) all doubts as to whether the appeal is frivolous should be resolved in favor of the appellant; (3) the record should be considered as a whole; (4) an appeal that is affirmed simply because the arguments are rejected is not frivolous; . . .

*Millers Cas. Ins. Co. v. Briggs*, 100 Wn.2d 9, 15, 665 P.2d 887 (1983) (quoting *Streater v. White*, 26 Wn. App. 430, 434–35, 613 P.2d 187 (1980)). The need for efficient judicial administration and the orderly resolution of cases without needless delay are served by the rule permitting dismissal of frivolous appeals. *See* 3 L. Orland, Wash. Prac., *Rules on Appeal* § 4531, at 430 (3d ed. 1978).

Contrary to resolving all doubts in favor of the appellant, the appellant in a motion on the merits setting is foreclosed from arguing before the appellate court that settled case law should be overturned, that the facts were incorrectly determined, or that judicial discretion was abused.

Denying a criminal defendant the ability to contest the trial court fact–finding role obviates the "clearly settled" principle that when constitutional rights are of issue, the appellate court is obligated to make an independent de

novo evaluation of the testimony and to reach its own conclusions as to the facts. *See, e.g., State v. Daugherty,* 94 Wn.2d 263, 269, 616 P.2d 649 (1980), *cert. denied,* 450 U.S. 958 (1981); *State v. Sweet,* 90 Wn.2d 282, 289, 581 P.2d 579 (1978).

The motion on the merits practice restricts the scope of appellate review beyond what could logically be considered meaningful review under well established common law principles. When the framers of our constitution provided a right of appeal of all criminal convictions they necessarily envisioned a meaningful appeal which affords the appellant the common law principles inherent in the appellate process.

CONCLUSION

I would affirm all four convictions; however, I would hold that the motion on the merits (RAP 18.14(i)) in criminal cases denies defendants a meaningful right to appeal and is unconstitutional, for it violates article 1, section 22 and article 4, section 2 of our state constitution.