On appellants' motion for reconsideration of Appellate Commissioner's order denying request to refer stay matter to Court of Appeals filed April 14, reconsideration granted; order of Appellate Commissioner adhered to July 21, 2010

Joseph BOVA,
*Plaintiff-Respondent,*

*v.*

CITY OF MEDFORD,
an incorporated Subdivision of
the State of Oregon,
and Michael Dyal,
City Manager of the City of Medford,
as an individual,
and in his official capacity,
*Defendants-Appellants.*

Jackson County Circuit Court
081663E7; A144254

236 P3d 760

Robert E. Franz, Jr., for motion.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Sercombe, Judge.

WOLLHEIM, P. J.

## WOLLHEIM, P. J.

This matter arises out of a class action on behalf of employees of the City of Medford (city) who are retired or about to retire, seeking, among other relief, to compel the city to provide health care insurance pursuant to ORS 243.303(2).[1] The trial court ruled in favor of plaintiffs and entered a limited judgment requiring the city, so long as it provides health care insurance for its current employees, to provide health care insurance for those retired city officers and employees who elect to purchase such insurance. The city appealed and, pursuant to ORS 19.350, moved the trial court to stay enforcement of the judgment pending appeal. The trial court denied the city's request for a stay. The city then sought review of that decision in this court pursuant to ORS 19.360.

Pursuant to ORAP 7.55, the motion for a stay came before the Appellate Commissioner for a decision in the first instance. The Appellate Commissioner notified the parties that he intended to hold oral argument on the motion and asked the parties to address certain issues. The city objected to the Appellate Commissioner ruling on the motion for stay and requested that the motion be referred to "the Court of Appeals" for a decision. The Appellate Commissioner entered an order denying that request. The city then moved for reconsideration. The Appellate Commissioner referred the motion for reconsideration to the motions department of this court for decision.[2] *See* ORAP 7.55(4)(a). The city raises several

---

[1] In material part, ORS 243.303(2) provides:

"The governing body of any local government that contracts for or otherwise makes available health care insurance coverage for officers and employees of the local government shall, insofar as and to the extent possible, make that coverage available for any retired employee of the local government who elects within 60 days after the effective date of retirement to participate in that coverage and, at the option of the retired employee, for the spouse of the retired employee and any unmarried children under 18 years of age. * * *"

[2] ORAP 7.55(4)(a) provides:

"A party may seek reconsideration of a decision of the appellate commissioner as provided by ORAP 6.25. If a party files a petition or motion for reconsideration of a ruling by the appellate commissioner, the appellate commissioner may consider the matter in the first instance. The appellate commissioner shall have the authority to grant a request for reconsideration and modify or reverse the result. However, if the appellate commissioner

arguments in support of its position that the Appellate Commissioner lacks authority to decide a motion to stay pursuant to ORS 19.360. For the reasons that follow, the motion for reconsideration is granted; on reconsideration, the court adheres to the Appellate Commissioner's order. We begin by describing the office of the Appellate Commissioner.

## THE OFFICE OF THE APPELLATE COMMISSIONER

In 2009, the Legislative Assembly amended ORS 2.570(6), explicitly recognizing the existence of an appellate commissioner for the Court of Appeals. *See* Or Laws 2009, ch 231, § 1. ORS 2.570(6) now provides:

> "The Chief Judge may rule on motions and issue orders in procedural matters in the Court of Appeals or may delegate the authority to rule on motions and issue orders in procedural matters to an appellate commissioner as provided for in the court's rules of appellate procedure."

By joint order of the Chief Justice, on behalf of the Supreme Court, and the Chief Judge, on behalf of the Court of Appeals,[3] the appellate courts adopted ORAP 7.55, which provides, in part:

> "(1) Except as otherwise provided in subsection (2) of this rule, the appellate commissioner for the Court of Appeals shall have authority to decide motions and own motion matters that otherwise may be decided by the Chief Judge under ORS 2.570(6). The appellate commissioner shall have authority to decide any other matter that the Court of Appeals or Chief Judge lawfully may delegate for decision."

(Footnote omitted.) Subsection (2) of ORAP 7.55 provides that, with certain exceptions that are not relevant here, the Appellate Commissioner does not have authority to decide a motion that disposes of an appeal on its merits. A party who is dissatisfied with a ruling of the Appellate Commissioner may seek reconsideration of the Appellate Commissioner's

---

would deny the request or grant the request and affirm the result, the commissioner shall forward the request to the Chief Judge or the Motions Department, as appropriate, for decision."

[3] *See* Chief Justice Order 08-056 (Oct 3, 2008)/Chief Judge Order 08-10 (Oct 1, 2008), *available at* http://www.publications.ojd.state.or.us/CJOrder0810.pdf.

order, and, if the Appellate Commissioner would deny reconsideration or affirm the order on reconsideration, the Chief Judge or the motions department decides the request. ORAP 7.55(4). The authority of the Appellate Commissioner is like that of a juvenile court referee, who is not an Article VII judge, and whose decisions are subject to review by circuit court judges. *See* ORS 419A.150 (providing for juvenile court referees and opportunity for rehearing before juvenile court judge); *see also State v. Rolax*, 104 Wash 2d 129, 133-34, 702 P2d 1185 (1985) (upholding decisional authority of commissioners to rule on appellate motions); *Wolfe v. Wolfe*, 99 Wash 2d 531, 534-35, 663 P2d 469 (1983) (upholding the creation of appellate commissioner program with decisional authority subject to *de novo* review by judges of the Washington Court of Appeals). Further, any party dissatisfied with the disposition of the matter by the Chief Judge or the motions department may petition the Supreme Court for review. ORS 2.520; ORAP 7.55(4)(b); ORAP 9.05(1).

The Appellate Commissioner position originally was created by order of this court's Chief Judge.[4] Part A of the section of the Chief Judge's order entitled "Delegated Decisional Authority" described the Appellate Commissioner's authority, which, generally, was "to consider and decide motions and own motion procedural matters that otherwise may be decided by the Chief Judge under ORS 2.570(6)." Part B then identified 11 specific matters arising under various statutes that the Appellate Commissioner had the authority to decide. A motion to stay pursuant to ORS 19.360 is not one of the specific matters listed in Part B of the Chief Judge's order. However, Part C provided, in part:

> "The enumeration of specific statutes under which the appellate commissioner is delegated authority is for the purpose of providing clarity and is not in derogation of the general grant of authority to decide any matter lawfully delegated to the commissioner."

---

[4] *See* Chief Judge Order 08-04 (Mar 5, 2008), *available at* http://www.publications.ojd.state.or.us/CJOorder0804.pdf; Chief Judge Order 08-05 (Mar 5, 2008), *available at* http://www.publications.ojd.state.or.us/CJOorder0805.pdf. Subsequent to those orders, the Appellate Commissioner executed an oath of office, which was filed with the Secretary of State's office.

In its motion for reconsideration, the city makes a number of arguments based not on the current law, ORS 2.570(6) and ORAP 7.55, but on the former order by the Chief Judge. The city seeks to have the court infer from provisions of that former order that are not present in the statute or the current Oregon Rules of Appellate Procedure, namely, Parts B and C of the Chief Judge's order, which are described above, that the current statute and Oregon Rules of Appellate Procedure grant the Appellate Commissioner *less* authority than he possessed under the former law. There are several problems with the city's contention. We discuss those problems in ascending order of importance.

First, the purpose of the Part B list was to clarify that, even though certain matters were not characterized as "motions" *per se* by the pertinent statute, they nevertheless were procedural matters that the Chief Judge currently and historically decided and could delegate to the Appellate Commissioner the authority to decide. Second, Part C of the Chief Judge's order explicitly provided that the identification of specific matters in Part B was not in derogation of the general grant of authority to the Appellate Commissioner contained in Part A.[5] Appendix 7.10-1 of the Oregon Rules of Appellate Procedure identifies over 90 types of commonly used motion titles, none of which is identified in Part B of the Chief Judge's order. It simply is not plausible that this court ever intended to limit the Appellate Commissioner's authority to the relatively few types of matters set forth in Part B of the Chief Judge's former order. Finally, and most importantly, the Chief Judge's order does not dispose of the matter presented here. As is made clear by ORS 2.570(6) and ORAP 7.55, the scope of the Appellate Commissioner's authority to decide matters is derivative of, and thus defined by, the scope of authority properly exercised by the Chief Judge. It is to that subject that we now turn.

---

[5] Similarly, as noted above, ORAP 7.55(1) provides that the general grant of authority to the Appellate Commissioner to decide "motions and own motion matters" does not restrict the authority of the Appellate Commissioner with regard to "any other matter" that lawfully may be delegated to the Appellate Commissioner to decide.

## THE CITY'S ARGUMENTS REGARDING
## CHIEF JUDGE'S AUTHORITY

■ In the Appellate Commissioner's letter requesting that the parties participate in oral argument on the motion for stay, the commissioner directed that they be prepared to address certain issues. Specifically, the Appellate Commissioner apparently believed that, to decide the city's motion for stay, he would need to decide the effect of the repeal of a certain statute, construe the applicability of a Supreme Court decision (*Doyle v. City of Medford*, 347 Or 564, 227 P3d 683 (2010)) issued after the trial court entered the judgment on appeal but before it denied the city's motion to stay, and determine whether, in light of evidence presented and arguments made by the city at the earlier trial, any trial court error was harmless. In its motion for reconsideration, the city argues that, if a request for relief requires the decision-maker to interpret or apply law or to consider the applicability of a principle of appellate procedure that, in turn, requires consideration of the trial court record, the request for relief is *substantive* and therefore not a *procedural* matter. The city continues that the Chief Judge is limited by ORS 2.570(6) to deciding *procedural* matters under ORS 2.570(6) and thus can delegate only those matters to the Appellate Commissioner.

We reject the false dichotomy presented by the city and on which its argument rests. Although many motions and other procedural matters are routine and do not require the exercise of significant judicial decision-making, some motions and procedural matters do. The court often is required to construe constitutional or statutory provisions, analyze case law, or otherwise apply legal principles to the pertinent facts in the process of deciding motions and procedural matters. *See, e.g., Mullens v. L. Q. Development*, 312 Or 599, 825 P2d 1376 (1992) (addressing timeliness of notice of appeal based on date of mailing); *Ortwein v. Schwab*, 262 Or 375, 498 P2d 757 (1972), *aff'd*, 410 US 656, 93 S Ct 1172, 35 L Ed 2d 572 (1973) (requiring indigent person to pay court filing fee does not violate provisions of either the Oregon Constitution or the United States Constitution); *Galfano v. KTVL-TV*, 196 Or App 425, 102 P3d 766 (2004) (judgment

appealable notwithstanding trial court's failure to label document correctly); *Allen v. Employment Dept.*, 184 Or App 681, 57 P3d 903 (2002) (filing fee requirement does not violate Article I, section 40, of the Oregon Constitution). In short, the fact that resolution of a motion or own motion procedural matter may require the decision-maker to construe or apply legal authorities or to apply principles of law to the facts of a case does not mean that the Chief Judge[6] lacks authority to decide the matter. A decision on a procedural matter stands in contrast to disposition of an appeal on the merits of the appeal. *Cf.* ORAP 7.55(1), (2) (stating that Appellate Commissioner may decide motions and issue orders in procedural matters in accordance with ORS 2.570(6), but generally may not decide a motion that would result in disposition of a case on its merits). Resolution of the city's motion for stay does not resolve the substantive merits of the appeal; it is a procedural matter. The appeal from the trial court's limited judgment continues regardless of our decision on the city's motion to stay. Therefore, we reject the city's argument that the Chief Judge's authority to decide the city's motion is limited in the manner argued by the city.

■       The city appears to argue that the existence of reported opinions deciding motions and own motion matters rendered by the full court or a department thereof indicates that, when a motion or procedural matter requires substantial judicial decision-making, only the court en banc or a department of the court may decide the matter. The Oregon legislature created the Court of Appeals, determined the number of judges who serve on the Court of Appeals, and created the position of Chief Judge. The legislature vested certain express authority in both the Court of Appeals and in the Chief Judge. *See generally* ORS 2.510 - 2.590. Both the Chief Judge and the Court of Appeals possess the express authority granted by the legislature *and* the inherent authority to make decisions concerning matters within the court's jurisdiction so long as those decisions do not conflict with either the Oregon Constitution or Oregon law.[7]

---

[6] The Appellate Commissioner has the authority to decide similar motions if the Chief Judge delegates that authority to the Appellate Commissioner. ORS 2.570(6).

[7] Any decision by the Appellate Commissioner can be reviewed by either the Chief Judge or the motions department. Any decision by the Chief Judge or the

This court may choose to decide a motion or procedural matter by published opinion, because, for instance, the matter raises a significant procedural issue or because the procedural issue has arisen with such frequency that a published opinion will assist practitioners, self-represented parties, and the trial courts in future cases. Likewise, the court may decide to resolve a matter by an order. The decision to resolve a motion or procedural matter by published opinion or by an order of the Chief Judge, the motions department, or the Appellate Commissioner is a matter committed to the sound jurisprudential discretion of the Court of Appeals, and does not implicate the decision-making authority of the Court of Appeals, the Chief Judge, or the Appellate Commissioner.

## THE CITY'S ARGUMENTS REGARDING ORS 19.360

■ The city raises two arguments based specifically on the text of ORS 19.360, neither of which is persuasive. The city's first argument is that, because subsections (1), (2), and (4) of ORS 19.360 refer to "the appellate court" engaging in review of a trial court decision regarding a stay or an undertaking, only *the court* acting through one of its departments or en banc may exercise authority under that statute.[8] We reject that contention for the following reasons.

■ First, the legislature used the phrase "appellate court" because it intended to refer to both the Supreme Court and the Court of Appeals. Issues related to stays and undertakings may come before both of those courts.[9] Second, ORS

---

motions department can be reviewed by the full court of the Court of Appeals. Any decision by the Court of Appeals may be reviewed by the Supreme Court.

[8] Subsections (1) and (2) of ORS 19.360 provide:

"(1) Any party aggrieved by the trial court's final order relating to an undertaking on appeal, the trial court's grant or denial of a stay or the terms and conditions imposed by the trial court on the granting of a stay may seek review of the trial court's decision by filing a motion in the appellate court to which the appeal is made * * *.

"(2) The appellate court may review the decision of the trial court under the provisions of this section at any time after the filing of the notice of appeal. Notwithstanding ORS 19.415 (3), the appellate court shall review the decision de novo upon the record."

[9] Direct appeals can come before the Supreme Court in certain labor law injunction cases, ORS 662.120, by way of certification of an appeal by the Court of Appeals under ORS 19.405, and by way of petition for review under ORS 2.520. There is no time limit for filing an undertaking that results in a stay under ORS

19.360(1) authorizes review by this court of any final trial court order "relating to an undertaking on appeal," which includes undertakings for costs, in addition to authorizing the review of decisions relating to stays. Accordingly, this court reviews trial court decisions regarding the sufficiency of an undertaking for costs on appeal, or trial court actions under ORS 19.310 waiving or reducing the amount of an undertaking. Nothing in ORS 19.360 indicates that the legislature intended to require this court to convene a department of judges to review such decisions where that review does not resolve the substantive merits of an appeal. Finally, it is important that the legislature specifically provided in ORS 19.360(1) that the court's review is by way of "motion." A "motion" is a request for relief, usually interlocutory relief, within a case.[10] With respect to a collegial appellate court, motions typically are decided by a single judge, either the Chief Justice in the Supreme Court, ORS 2.111(6), or the Chief Judge or the presiding judge of a department in the Court of Appeals, ORS 2.570(6); ORAP 7.15.

The city's second argument is that, where the scope of the court's review with respect to a motion or procedural matter is *de novo*, as it is in ORS 19.360(2), only the court sitting by department or en banc may decide the motion or matter. Like the city's contentions respecting application or interpretation of legal authorities generally or application of principles of law to the facts of a case, the city's contention regarding the import of *de novo* review is not supported by citation to authority or reason. Matters relating to the sufficiency of undertakings, as well as the factors a court is required to consider in deciding whether to grant a stay, particularly the harm that will result to the parties or to the public depending on whether a stay is granted, commonly require reference to evidence not in the trial court record. ORS 19.360(3) specifically contemplates that, in some circumstances, an appellate court may take additional evidence

---

19.335, ORS 19.300(2) (so providing), or a motion for discretionary stay under ORS 19.350. Therefore, matters relating to stays could arise while a case is pending in the Supreme Court.

[10] ORAP 7.05(1)(a) provides:

"Unless a statute or these rules provide another form of application, a request for an order or other relief shall be made by filing a motion in writing."

in deciding a motion to review a trial court's order relating to an undertaking or stay.[11] In addition, if a party persuades the appellate court that requesting a stay from the trial court would be futile or that the trial court is unable to act within a reasonable time, the motion for stay can be filed in the appellate court in the first instance. ORS 19.350(5). Where facts not in the trial court record are relevant and contested, the appellate court necessarily determines those facts in the first instance when deciding some motions. Moreover, even where the trial court might have made findings in connection with an undertaking or a stay pending appeal, an appellate court's ability to review anew the facts relating to the undertaking or stay prevents a trial court from interfering with the appellate court's exercise of jurisdiction over an appeal. Simply put, the city's argument that, because our review under ORS 19.360(2) is *de novo*, review by multiple judges is required, is not persuasive.

For the foregoing reasons, we conclude that ORS 19.360 does not require that a department of this court review and decide motions filed under that statute in the first instance. As reflected in ORS 2.570(6), the Chief Judge may delegate authority to decide a motion under ORS 19.360 to the Appellate Commissioner, and the Appellate Commissioner may decide such motions in the first instance, subject to review by way of a motion for reconsideration as provided in ORAP 7.55.

Reconsideration granted; order of Appellate Commissioner adhered to.

---

[11] ORS 19.360(3) provides:

"On de novo review under subsection (2) of this section, the record shall be restricted to the record made before the trial court unless:

"(a) There is additional relevant information relating to the period of time following the decision of the trial court that the appellate court determines to be important to review of the decision; or

"(b) The party submitting new information establishes that there was good cause for not submitting the information to the trial court."