

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE DEC 19 2019
CHIEF JUSTICE

This opinion was
filed for record
at 8 am on Dec 19, 2019

Susan L. Carlson
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | NO. 9 7 3 2 9 - 6 |
| Respondent, | |
| v. | EN BANC |
| RANDOLPH THOMAS GRAHAM, | |
| Petitioner. | Filed: DEC 1 9 2019 |

PER CURIAM—RAP 1.2(a) underscores the purposes of the Rules of Appellate Procedure when it states unequivocally that "[t]hese rules will be liberally interpreted to promote justice and facilitate the decision of cases on the merits. Cases and issues will not be determined on the basis of compliance or noncompliance with these rules except in compelling circumstances where justice demands, subject to the restrictions in rule 18.8(b) [which has no application to the facts of this discretionary review]." The clerk of Division Two of the Court of Appeals imposed a $200 fine on attorney Travis Stearns for seeking an extension of time to file an opening brief in an indigent criminal appeal. In a split decision, a panel of the Court of Appeals denied his motion to modify and affirmed the sanction, and Stearns filed a motion for discretionary review in this court. Because Stearns was fulfilling his duty of effective representation

in asking for an extension, we grant discretionary review and reverse the Court of Appeals.

## FACTS

Stearns's client, Randolph Graham, was convicted of first degree murder and other crimes and sentenced to 800 months' confinement, about 300 months above the standard range. Graham appealed, and counsel from the Washington Appellate Project was appointed to represent Graham when his original attorney left practice to join the judiciary. The opening brief in Graham's case was originally due on January 17, 2019, but the first attorney the Washington Appellate Project assigned to Graham's case asked for an extension of time to file the opening brief after discovering that the record was incomplete and that more transcripts had to be ordered. The Court of Appeals clerk granted an extension to March 8, 2019. The last verbatim report of proceedings was filed on February 13, 2019.

The Washington Appellate Project then substituted Stearns for Graham's original attorney. When he took over, Stearns moved for another extension of time to file the opening brief, explaining that his current workload had prevented him from starting on Graham's appeal, which had an extensive record, including 1,300 pages of transcripts. The clerk of the Court of Appeals granted an extension to April 17, 2019, explaining that failure to file the brief by that date would result in the imposition of a $200 sanction.

On April 17, Stearns filed a second request for an extension of time, explaining that the Washington Appellate Project had received the complete record just 63 days previously and that the case involved complicated legal issues and a substantial record. Stearns explained that he had been working to complete Graham's opening brief but also had other significant demands on his time, outlining all of his other current work. He stated that he anticipated filing the brief as soon as possible, noting that he

had read the complete record and had started drafting his brief, having identified three significant and distinct issues. He stated further that he had worked on the brief as quickly as he could within his constitutional obligations and the Standards for Indigent Defense. He noted that the standards restricted the number of briefs he could write to three a month when the average transcript length is 350 pages, and he believed it would be impossible to comply with these standards and file Graham's brief within the 63 days he had had since his office received the complete set of transcripts.

The clerk of the Court of Appeals granted the extension but also sanctioned Stearns $200 for not filing Graham's opening brief by April 17. Stearns filed a motion to modify the clerk's ruling, asking the Court of Appeals to strike the $200 sanction. The State responded in support of Stearns's motion, agreeing that no sanction should be imposed. The State opined that in cases where a criminal defendant has been convicted of a serious offense, such as first degree murder, or in a case where there is a lengthy or complicated record, the court should afford appellate counsel flexibility to be able to adequately perform the constitutionally required duties of defense attorneys in criminal actions. The State also provided examples of comparable cases where defense attorneys were granted longer extensions without sanction. A majority of a panel of judges denied the motion to modify, with one judge dissenting.

Meanwhile, Stearns filed an opening brief on April 22, 2019, only 23 days beyond the initial deadline provided for in RAP 10.2.[1] Graham's appeal raises issues of instructional error, as well as Graham's right to represent himself at trial. Reading and preparing Graham's opening brief took Stearns approximately 79 hours of work to complete. He also worked on a significant number of other cases while preparing Graham's opening brief. Since his original request to extend time, Stearns filed opening briefs, petitions for review, and reply briefs in seven cases and had oral argument in

---

[1] The last verbatim report of proceedings was filed on February 13, 2019.

three cases before both the Court of Appeals and this court. After the filing of Graham's opening brief, the State also asked for an extension of time to file its responsive brief and was granted an extension to July 31, 2019, a total of 100 days after the filing of Graham's opening brief and 37 more days than the time the court gave Stearns before imposing the sanction.

Stearns filed a motion for discretionary review in this court. We grant the motion and reverse the Court of Appeals.

ANALYSIS

The Court of Appeals is authorized to sanction counsel for late filings. RAP 10.2(i); RAP 18.9(a). But it is also required to liberally interpret the rules to promote justice, and it has the authority to waive or alter any provision of the rules in order to serve the ends of justice. RAP 1.2(a), (c). This includes authority to waive or alter the rules to enlarge or shorten time within which an act must be done. RAP 18.8(a). The Rules of Appellate Procedure were designed to allow flexibility so as to avoid harsh results. *Weeks v. Chief of Wash. State Patrol*, 96 Wn.2d 893, 895-96, 639 P.2d 732 (1982). In pursuing an appeal, a criminal defendant has a right to effective assistance of counsel. *State v. Rolax*, 104 Wn.2d 129, 135, 702 P.2d 1185 (1985). The Standards for Indigent Defense provide that the caseload of public defenders must allow each lawyer to give each client the time and effort necessary to ensure effective representation. Standards for Indigent Defense Services std. 3.2. To that end, experienced attorneys are limited to 36 appeals a year, which equates to three appeals per month. Standards std. 3.4. This limit is based on experienced attorneys handling cases that have an average transcript length of 350 pages. *Id*. The standards instruct that when a transcript length exceeds 350 pages, caseloads should be reduced accordingly. *Id*. Because decisions to impose sanctions, grant an extension of time, or waive the appellate rules are within the discretion of the Court of Appeals, we review the court's decision here for an abuse of

discretion. *See Yousoufian v. Office of King County Exec.*, 152 Wn.2d 421, 431, 98 P.3d 463 (2004).[2] A court abuses its discretion if its decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons. *State v. Oxborrow*, 106 Wn.2d 525, 542, 723 P.2d 1123 (1986).

Here, the record demonstrates that Stearns was prompt in communicating the constraints placed on him by his current caseload and explaining why another extension was necessary. The record does not show any malfeasance or lack of diligence on Stearns's part or any lapse in his representation and, indeed, reveals Stearns's primary concern with fulfilling his duty of effective representation. In light of these circumstances, the Court of Appeals' sanction was not directed at or useful for deterring future dilatory conduct. Rather, it was contrary to the policies promoting effective representation of indigent criminal defendants on appeal. Under these circumstances, where counsel needs an extension of time to fulfill his obligations of representation, it is appropriate to grant an extension without the imposition of sanctions. Recent cases have highlighted the constitutional importance of maintaining proper caseloads in indigent defense cases. *See, e.g., Wilbur v. City of Mount Vernon*, 989 F. Supp. 2d 1122, 1124 (W.D. Wash. 2013); *State v. A.N.J.*, 168 Wn.2d 91, 102, 225 P.3d 956 (2010). For these reasons, we conclude that the Court of Appeals abused its discretion by sanctioning Stearns when he requested an extension of time in order to fulfill his duty of effective representation.

We grant discretionary review, reverse the Court of Appeals, and remand the matter to the Court of Appeals with instructions to strike the sanction.

---

[2] RAP 18.9(a) provides that the appellate court "may" order a party to pay sanctions. RAP 1.2(c) provides that the appellate court "may" waive or alter the provisions of the appellate rules. RAP 18.8(a) provides that the appellate court "may" enlarge the time within which an act must be done.